NATCHEZ & SOUTHERN R. R. Co. *v.* JOHN E. CRAWFORD.

[55 South. 596.]

1. JURY. *Constitutional law. Acts* 1910, *chapter* 135. *Presumptions. Constitution* 1890, *article* 6.

A statute cannot confer judicial power upon a jury, as to do so would be violative of article 6 of the Constitution of 1890, under which all judicial power in the state is vested in the supreme court, and the circuit and chancery courts and the courts of justices of the peace and such other inferior courts as the legislature may from time to time establish.

2. CONSTITUTIONALITY OF A STATUTE. *Duty of court.*

All doubts are resolved in favor of the constitutionality of a statute; if there is any reasonable doubt of its constitutionality, it must be upheld by the court.

3. ACTS 1910, CHAPTER 135.

Section 2 of chapter 135, acts 1910, declaring that "questions of negligence and contributory negligence shall be for the jury to determine" is merely declaratory of the common law. There can be no question of negligence or contributory negligence for the jury, except issue of fact. The court alone has the power to determine the legal sufficiency as tending to establish negligence or contributory negli-

gence. If the negligence never reaches the point of raising issue of fact to be determined, then there is no question for the jury, and the court should instruct peremptorily.

4. SAME.

The only change made in the common law by this statute is that in the class of actions referred to in section 1, contributory negligence on the part of the plaintiff is no longer a bar to recovery, but may be used against him by the defendant in mitigation of damages.

5. CONSTITUTIONALITY OF STATUTE. *Parties who can question.*

The court will not listen to an objection made to the constitutionality of a statute by a party whose rights are not affected thereby, and who has no interest in establishing its invalidity.

6. CONSTITUTIONAL LAW. *Equal protection. Classification.*

Acts of 1910, chapter 135, providing that in actions for personal injuries, contributory negligence shall not bar a recovery, but that damages shall be diminished in proportion to the amount of contributory negligence, violates neither the due process nor the equal protection clauses of the Constitution of the United States. It is within the police power of the state; it makes a classification of all actions for personal injuries and this classification is based on reason and justice and is not a discrimination in favor of defendants in other character of actions.

APPEAL from the circuit court of Adams county.

Hon. M. H. WILKINSON, Judge.

Suits by John E. Crawford against the Natchez & Southern Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Ratcliff & Truly,* for appellant.

We contend, first, that this statute is violative of the fourteenth amendment of the Constitution of the United States for two reasons:

(a) That it deprives a citizen of his property without due process of law.

(b) It denies the defendants in damage suits for personal injuries or death from personal injuries the equal protection of the law.

In terms it makes the defendant liable in damages whether guilty of any negligence or not. And this, too, without regard to how reckless the plaintiff may have been, and absolutely authorizes a jury to return a verdict in damages against a defendant without regard to whether the defendant has been guilty of negligence or not; and thereby authorizes the taking of the property of defendant without the process of law. It denies to the defendant the equal protection of the law as given to the plaintiff, and discriminates against the defendant in favor of the plaintiff, in that, it authorizes the jury to punish defendant by an award of damages for any kind of negligence, even slight, and rewards the plaintiff by a verdict for damages in his favor when he is guilty of the same thing, or of much worse, even gross negligence.

Under this statute the defendant may be guilty of only the slightest negligence and the plaintiff may be guilty of the grossest recklessness. Yet the jury are required to punish the defendant by a verdict for damages against it for its slight negligence, and to reward the plaintiff by a verdict for damages in his favor for his gross negligence. As said by this honorable court in the case of the *Yazoo & Mississippi Valley Railroad Company* v. *Wallace,* 90 Miss. 609:

"It is a statute for the benefit of plaintiffs" and "it works only against the defendant litigant."

The statute undertakes to abolish all difference in degrees of negligence; and it is well recognized principle of law that there are three degrees of negligence: Slight, ordinary and gross. And while the defendant is held liable by said statute for the slightest negligence, the plaintiff is authorized to recover even though guilty of the grossest negligence.

We will illustrate this proposition by reference to the recent case of *Railroad Company* v. *Ruff,* 95 Miss. 165. In this case the plaintiff was on a straight stretch of

railroad track, meeting a train, and notwithstanding the signals of the train's approach had been given within the range of his hearing, he failed to look ahead until the head light of the engine was seen by its reflection on the track, and then he needlessly remained on the ends of the cross-ties until he was struck by the locomotive. The train was running through an incorporated village at an unlawful rate of speed. In this the company was negligent and acting in violation of a statute. If that case had been tried under this statute, and if the statute is valid, the plaintiff would undoubtedly, by virtue of this statute, have been entitled to a verdict, notwithstanding the gross recklessness of his own conduct. There the defendant was only slightly negligent and the plaintiff was guilty of the grossest recklessness. But the court held in that case that as a matter of law the plaintiff could not recover; but under the statute now under discussion the jury would necessarily have been instructed by the judge in such case that his negligence would not debar him from recovery, but that on account of the slight negligence of the defendant in running its trains at a too rapid rate of speed through a municipality, that they should find for the plaintiff a verdict in damages diminished by what they might think the proportionate amount of negligence should be attributed to him.

It compels the judge to instruct the jury in all cases where there is the slightest negligence in evidence on the part of the defendant or even where there is none to give a verdict against the defendant without regard to the conduct of the plaintiff, however reckless it may have been. And in this it plainly invades both the constitutional power of the judiciary and the constitutional rights of citizens; and it is also an invasion of the right of trial by jury.

The question of contributory negligence of the plaintiff is frequently purely a matter of law, as was held in

the Ruff case above cited. But this statute now under consideration denies the power of the judge to state to the jury what is the law. But on the other hand compels him to instruct the jury that in such case they must find a verdict for the plaintiff, but may diminish it, etc. It invades the right of trial by jury because it prohibits the jury from returning a verdict for the defendant without regard to what they may think of plaintiff's conduct, and although they may believe that the plaintiff was grossly negligent and was the proximate cause of his own hurt. It may happen that it is the unanimous opinion of the jury that the plaintiff's recklessness was the cause of his own injury and that in truth and in fact by reason of his conduct he is not entitled to recover, yet they are met by the positive instruction of the court, which he is compelled by this statute to give, that such conduct does not bar a recovery, and that they must find a verdict against the defendant, only to be diminished, etc.

In the case of *Oakes* v. *State,* —— So. Rep., p. 79, vol. 54, advance sheet No. 2, which was a libel case, the court construed that part of section 13 of the constitution, which provides that in the trial of a libel case the jury should determine the law and facts under the direction of the court as not to interfere with the inherent power of the court to direct the jury as to the law and points out the utter confusion which would follow if juries were left to determine the law. The act in question clearly attempts to deprive the judge of this right and compels him to submit questions of law to the determination of the jury and thereby invades and modifies or annuls the inherent and constitutional power of the judge.

Section 1 of the act seeks to establish liability in all cases of the character mentioned therein, and particularly requires a jury to award damages against all defendants in such cases. There are no qualifying words in this statute to the effect that these damages should

be diminished only in cases when a verdict would be returned by the jury on their finding on the facts that the defendant was guilty of negligence, or that plaintiff had a right of action, or in "proper cases." No reference whatever is made to the primary proposition that in order to recover the plaintiff must show and the jury must believe that the defendant was guilty of negligence or some wrongful act of commission or omission.

Second, it violates sections 14 and 31 of the Constitution of the state of Mississippi for reasons above given.

It also violates section 193 of the Constitution of the state of Mississippi, because it is universal in character. It confers the exceptional rights upon all plaintiffs, without exception, in suits for damages for personal injuries or death arising therefrom, and burdens all defendants in such suits with its discriminations against them. It makes no exception as to conductors or engineers in charge of dangerous and unsafe cars or engines voluntarily operated by them, as provided in section 193 of the Constitution, and section 4056, Code, 1906; and if this statute is not unconstitutional, a conductor or engineer in charge of dangerous and unsafe cars or engines voluntarily operated by them, may recover under it, and it abolishes the constitutional defense provided in section 193 and Code section 4056 to actions brought by conductors or engineers, that they were voluntarily operating dangerous and unsafe cars or engines.

To illustrate this point, we will take the case of *Yazoo & Mississippi Valley Railroad Company* v. *Woodruff,* decided last November and reported in 53 South. Rep., page 687, which was tried before the enactment of the statute now under consideration. In that case Woodruff was an engineer voluntarily operating an engine with knowledge of its defects; and it was held in that case that he was barred of recovery by reason of the exception in section 193 of the Constitution.

We understand that section of the Constitution provides that knowledge by an employee of the defective· or unsafe character or condition of any machinery, ways or appliances shall be no defense to an action for an injury caused thereby, but that as to conductors and engineers the voluntary operation of such unsafe cars or engines by them is a defense to suits brought by them. So that, if the Woodruff case, above cited, had been tried under this statute now under consideration, he could have recovered, because this statute abolishes the constitutional defense above referred to.

Third, this statute is absolutely contradictory in its terms.

The first section thereof provides that in all cases hereafter brought for personal injuries, etc., contributory negligence shall not be a bar to recovery and its provisions are mandatory and peremptory.

And yet section 2 of the act provides that all questions of negligence and contributory negligence shall be for the jury to determine. Then, if the jury should determine that the contributory negligence of the plaintiff was the proximate cause of the injury they should find in such case a verdict for the defendant. And if this section 2 has any meaning at all, that is what it means. But nevertheless, though the jury may be of the opinion that the contributory negligence of the plaintiff, which is required by section 2 to be submitted to them, was the cause of the injury, yet by the first section of the act they are prohibited from finding a verdict in favor of the defendant, but must find a verdict in favor of the plaintiff, but may diminish it some, on account of the plaintiff's negligence.

We beg to call the attention of the court in this connection that this statute cannot be severed, and part of it held constitutional and part not. It is an entirety. And all of it must stand or all of it fall. And to attempt to make a severance and hold part of the statute

constitutional would simply be judicial legislation and amending the statute and inserting new matter by judicial construction, which, of course, cannot be done.

This principle was enunciated in *Ballard* v. *Oil Company*, 81 Miss. 507. The statute is crudely drawn and violates every principle of equity and justice, as well as the Constitution of the United States and the state of Mississippi, and we earnestly and respectfully contend that it should be so held by this honorable court.

*Engle & Darden* and *Potter & Hindman*, for appellee.

This case involves the constitutionality of chapter 135 of the laws of Mississippi, 1910. This statute is only applicable where the defendant and the plaintiff are concurrently guilty of negligence causing the injury. The defendant's negligence must be the proximate cause of the injury, but the fact that the plaintiff's negligence directly contributed to the injury as an efficient cause, will not bar a recovery, will only diminish the damages. Under this statute, if there are no facts showing or tending to show the defendant guilty of negligence causing the injury, the defendant is entitled to a peremptory instruction. The law in respect to defendant's negligence is not changed.

The power of the judge to pass on negligence as a matter of law and to determine whether there is sufficient evidence of negligence on the part of the defendant to go to the jury remains unchanged. Section 2 of the act, "All questions of negligence and contributory negligence shall be for the jury to determine," means all questions of "fact." Juries are common-law juries, and of course questions in this connection mean such questions as common-law juries have always passed on—questions of fact; in other words, section 2 is but declaratory of the common law.

In *Keeley* v. *Chicago, M. & St. P. Ry. Co.*, 119 N. W. 309, the supreme court of Wisconsin in construing a statute of similar provisions, says:

"Did the legislature intend by the provisions of subdivision 5 of this act to confer judicial power vested in the court on the jury? In all cases under this act, the question of negligence and contributory negligence shall be for the jury. In their general sense the words are but a declaration of the law as it exists, namely, that when the court has found that there is legal evidence tending to show negligence or contributory negligence, it is for the jury to determine from the evidence adduced whether negligence or contributory negligence exists. This interpretation of the law does not make a change in the law and cannot affect the rights of any person. It is however asserted that if the phraseology of this provision be considered in connection with other parts of the law which pertain to the duties of the jury in these cases and the general purpose and object of the act, it is apparent that the legislature intended to confer on juries the judicial power to determine the legal sufficiency of the evidence offered as tending to establish negligence or contributory negligence in the case. If, however, it be assumed that the legislature intended to confer judicial power on juries such as we have shown is inhibited by the Constitution and such as would render this subdivision void; still this view of the subdivision does not necessarily render the whole act void, for we are persuaded that such invalid part cannot affect the validity of the other parts of the law.

The provision of the Constitution relating to trial by jury in suits at common law apply to the territories of the United States. *Webster* v. *Reid,* 11 How. 461; *Callan* v. *Wilson,* 127 U. S. 541; *American Pub. Co.* v. *Fisher,* 166 U. S. 464; *Springville* v. *Thomas,* 106 U. S. 707; *Rassmussen* v. *U. S.,* 197 U. S. 516.

Although it is well established that the provisions of the Constitution of the United States are applicable to the territories with reference to jury trials, the Supreme Court of the United States held the United States Em-

ployers' Liability Act of 1906 constitutional as to the employees of railroads in the territories, and that act .contains the provision that ''all questions of negligence and contributory negligence shall be for the jury to determine.'' *El Paso Ry. Co.* v. *Gulierrez,* 215 U. S. 87; *M. O. & P. Ry. Co.* v. *Castle* (C. C. A.), 172 Fed. 841.

The only change the statute accomplishes is to make contributory negligence an element in computing the damages and not a defense in bar, just as pain and. mental and physical anguish have always been elements in computing damages. The defendant is not punished by this statute in cases of slight negligence. Where the negligence is slight, the recovery must be small in proportion; just as the recovery for a scratch or bruise must necessarily be small. The principle is the same, and under the statute contributory negligence is merely an element in computing the damages. It is true, a case can never be taken away from the jury on the grounds of contributory negligence under the provision of this act, for the simple reason that contributory negligence is no longer a legal defense in bar of a suit. The statute does not deny to the court the power to state the law of contributory negligence, but contributory negligence, as said above, becomes merely an element in the computation of damages. The defendant is only made to suffer for his own wrong, his own share of the blame. There is still secured to him a fair and orderly trial; the judge determines all questions of law, and the jury, under proper instructions, the questions of fact, and we urge that there is no ground for the contention that the statute ''deprives a citizen of his property without due process of law.'' *Jones* v. *Ry.,* 72 Miss. 22; *Jones* v. *Ry.,* 73 Miss. 110.

But it is said that the statute denies defendants, in damage suits for personal injuries and death, the equal protection of the law. As the statute is general and applies to every person in the state, it must be conceded

it applies alike to everyone similarly situated. What distinction and classification is made? The rule of contributory negligence is changed as to persons and not as to things. The classification is persons and things. We urge that there could be no more natural classification, and that the passage of this act was a reasonable exercise of the police power.

Surely this court will not hold a state statute violative of any provision of the Constitution of the United States, unless such statute is clearly unconstitutional. If a court entertains a doubt as to the unconstitutionality of a statute, the doubt is to be resolved in favor of the constitutionality of the statute. This is true even where only the state constitution is said to be violated. The case of the *State* v. *L. & N. Railroad Company,* involving the constitutionality of the statute of 1908 to prevent the removal of causes from the state to the federal court, is a very close case on the question of its constitutionality, but the court decided the case very properly in favor of the constitutionality. Whenever a supreme court of a state decides that a state statute is in conflict with the federal Constitution where there is any doubt of the unconstitutionality of such statute, there is a voluntary surrender of just that much state sovereignty, and the state government is rendered that much weaker and more impotent. Unless a statute is clearly in conflict with the federal Constitution, we believe this court will uphold the validity of the act in that respect. And we insist that were the burden otherwise, were the burden on the appellee to show that this statute does not conflict with the federal Constitution, the burden has been well met. The federal statute, the Employers' Liability Act of 1906, from which this statute is practically copied, is applicable to the employees of a railroad, and contributory negligence is a defense except where the negligence of the defendant is great and the contributory negligence of the plaintiff is small in

comparison. Otherwise the federal statute is identical with the present statute. The federal statute, including the clause, ''All questions of negligence and contributory negligence shall be for the jury to determine,'' has been upheld by the Supreme Court of the United States in the case of *El Paso R. R. Co.* v. *Gutierrez*, 215 U. S. 87, cited above. And we know no reason why the state should be denied the power to abolish contributory negligence as a matter of defense, and make it an element in computing the damages instead.

It is contended, however, that this statute violates section 193 of the Constitution of Mississippi, because it makes no exception as to conductors or engineers in charge of ·dangerous and unsafe cars or engines voluntarily operated by them, as provided in section 193 of the Constitution, and section 4056, Code 1906. This position is untenable. The act is not in conflict with section 193 of the Constitution. Knowledge as a defense is based on the doctrine of the assumption of risks, rather than the doctrine of contributory negligence.

The recovery of this plaintiff is not based alone on the statute repealing the doctrine of contributory negligence, but he could not recover, notwithstanding the statute, had he known of the defects in the coupler, except for section 193 of the Constitution of 1890, for the court would hold that he had assumed the risk. An engineer knowing that cars and machinery voluntarily operated by him were dangerous and unsafe, could not recover under the statute, because he would be precluded by the common law doctrine of the assumption of risks. Section 193 repeals the doctrine of assumption of risks, based on knowledge of the employee, as to other employees of railroads, except conductors and engineers, and preserves the doctrine in respect to engineers and conductors for the sake of public policy. But section 193 does not legislate with reference to the doctrine of contributory negligence, and the doctrine of contributory

negligence, being a common-law doctrine, is a legitimate
subject of legislation. But even if the exception as to
conductors and engineers was predicated on the doctrine
of contributory negligence (and it is not), the courts
would construe the section of the Constitution together
with the statute, and give force to the statute except in
this particular. The intention of the legislature was
undoubtedly to give as much relief in this direction as
possible, and without hesitation the court can declare
that the legislature would have passed this law regard-
less of the necessary exemption on its operation against
conductors and engineers.

Argued orally by *E. H. Ratcliff*, for appellant.

Anderson, J., delivered the opinion of the court.

The appellee, John E. Crawford, sued the appellant,
Natchez & Southern Railroad Company, in the circuit
court of Adams county, and recovered a judgment for
two thousand dollars, from which appellant prosecutes
this appeal.

The appellee was a brakeman in the employ of the
appellant, and while engaged about his duties as such, in
attempting to make a coupling, had his ·foot crushed,
which had to be amputated. Appellee alleged in his dec-
laration, and his proof tended to establish, these facts
(quoting from the declaration): ''That on said date de-
fendant, disregarding its duty, negligently and carelessly
permitted to be in the train on which plaintiff was en-
gaged to perform services as such brakeman, a switch
engine tender having an insecure, unsafe, and defective
coupling appliance, having an insecure, unsafe, and de-
fective drawhead, in this: That the said coupling ap-
pliance was not arranged with retaining springs on the
side or collar, and the drawhead was so improperly fas-
tened as to cause it to work to one side or the other of
the cuff or casting during the running of the switch en-

gine, and worked stiff and jerky, and had too large a
radius of play; all of which facts were known, or by the
use of ordinary care and prudence might have been
known, to defendant, the said drawhead and cuff or cast-
ing having been in that condition for a long period of
time; and that the plaintiff, while at the place on said
switch engine tender which his duty as such brakeman
required him to be (the footboard at the rear of said
switch engine tender), on the afternoon of said July 23,
1910, in the Natchez yards of defendant, and while then
and there in the careful performance of his duty in at-
tempting to push said defective, insecure, and unsafe
drawhead into place, by standing on said footboard with
his right leg, holding onto said switch engine tender
with his two hands, and shoving said drawhead with his
left foot, the said drawhead being so stiff and hard to
move, and having worked so far to one side of the cuff
or casting, that it could not be moved by the strength
of his hand, and then and there, because of the insecure,
unsafe, and defective condition of said drawhead, and the
defective condition of said cuff or casting, the said draw-
head went too far to the other side of said cuff or cast-
ing, and in consequence the left foot of plaintiff was
caught between the cuff or casting on the rear of the
switch engine and the cuff or casting on the flat car, with
which a coupling was being made or attempted, then and
there breaking, crushing, and mangling it to such an ex-
tent as to render its amputation necessary to save his
life, which was done.''

The pleadings and instructions given and refused pre-
sent the questions of the construction of chapter 135, p.
125, acts 1910, and of its constitutionality. The statute
is as follows:

''Section 1. Be it enacted by the legislature of the
state of Mississippi, in all actions hereafter brought for
personal injuries, or where such injuries have resulted
in death, the fact that the person injured may have been

guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured .

"Sec. 2.   All questions of negligence and contributory negligence shall be for the jury to determine."

The giving of instructions Nos. 1 and 4, for the appellee, is assigned as error.   They are:

(1)   "That if they believe from the evidence in this case that the plaintiff, at the time of the injury complained of, was in the employ of the defendant as brakeman or switchman, and was engaged in making a coupling of the engine tender used by the defendant with one of the defendant's 'tail' cars or 'toe' cars, and that then and there the plaintiff was injured because of the coupling, which was defective or unsafe or insecure, and that this condition of the coupling, if shown, was known to the defendant, or by the use of ordinary care and prudence ought to have been known to defendant, then the jury should find a verdict in favor of the plaintiff; and the fact that the plaintiff may have been guilty of contributory negligence in using his foot in and about this work is, under the law, no bar to his recovering a verdict against the defendant, but will call for the damages which the jury may believe from the evidence he has sustained, to be diminished in proportion to the amount of negligence attributed to him."

(4)   "That if they find for the plaintiff, they should award him damages sufficient to compensate him in full for the injury, if any, as shown by the evidence to have been sustained by him; also for the pain and suffering, if any, shown by the evidence to have been endured by him in consequence of the injury; also for the loss of time and loss of earning capacity, if any, shown by the evidence to have been sustained by him on account of the injury; and also to compensate the plaintiff in full for the permanent damage, if any, as shown by the evi-

dence to have been sustained by him in consequence of the injury: Provided, however, that if the jury believe from the evidence that the plaintiff in his conduct has been guilty of contributory negligence, then the sum total of the damages he would otherwise be entitled to shall be diminished in proportion of the amount of negligence attributable to him."

And the refusal by the court of instructions Nos. 1 and 2, for the appellant, is assigned as error, which instructions are as follows:

(1) "The court instructs the jury that if they believe that the plaintiff's own negligence caused or contributed to his injury, then they must find for the defendant."

(2) "The court instructs the jury that even though they may believe from the evidence that defendant, on the occasion in question, was guilty of negligence, still if they further believe that plaintiff was guilty of a greater degree of negligence, then they must find for the defendant."

The court gave instructions Nos. 5, 6, 7, 8, and 9, for the appellant, which are here set out for the purpose of more fully presenting the issues of law involved:

(5) "The court instructs the jury, for the defendant, that it is a perfect defense to this to show that the couplers, machinery, and appliances with which plaintiff's duties required him to work were in good order, of standard patterns, and the engine properly handled, and the other employees of defendant were not negligent, and if the jury believe that the evidence in this case establishes these facts, then it is the sworn duty of the jury to find a verdict for the defendant."

(6) "The court instructs the jury, for the defendant, that, although they may believe that the injury to plaintiff was caused by the running of the locomotive of defendant, yet the defendant has established a perfect defense if it had shown that its couplings, machinery, and

appliances were in good order  and repair, and  were
properly handled and without negligence on the part of
its other employees, and if the jury believe that this
has been established, then it is their sworn duty to find
a verdict for the defendant.''

(7)  ''The court instructs the jury that, if they be-
lieve from the evidence that the accident in question
was caused solely by the negligence of the plaintiff, then
they must find for the defendant.''

(8)  ''The court instructs the jury that if they believe
from the evidence that plaintiff, on the occasion in ques-
tion, was reckless and grossly negligent, then they must
find for the defendant; and this is true even though
they may further believe that the coupler upon the en-
gine was defective, or broken, or not automatic.''

(9)  ''The court instructs the jury that if they believe
from the evidence that the coupler in question was of a
standard make automatic coupler, and was not defective
or out of repair, and that the agents of defendant were
guilty of no negligence at the time of the accident, then
they must find for the defendant.''

It is argued on behalf of appellant that the statute in
question confers judicial power on the jury, and for this
reason is unconstitutional.  It will be noted that section
2 of the act provides that ''all questions of negligence
and contributory negligence shall be for the jury to de-
termine.''  If that were the proper construction of the
statute (that it confers such power), it would undoubt-
edly be violative of the Constitution; for by article 6
of the Constitution of 1890 all judicial power in the state
is vested in the supreme court and the circuit and chan-
cery courts and the courts of the justices of the peace,
and in such other inferior courts as the legislature from
time to time may establish.  And the common-law jury,
guaranteed by section 31, is a jury with power alone to
try issues of fact, and not of law.  It is clearly not with-
in the legislative competence, under these provisions of

the Constitution, to invest juries with judicial power— that is, power to determine issues of law.

Does the statute, properly interpreted, confer judicial power on the juries? In answering this question, it is well to have in mind certain well-recognized rules for the determination of the constitutionality of statutes. The question whether a statute is violative of the Constitution is one of much delicacy, and which the court should approach with great caution and deliberation. Its constitutionality is *prima facie* presumed, because the legislature, in adopting it, is first required to determine its constitutionality. The legislature must be deemed to have acted with integrity, and with a just desire to keep within constitutional limitations. The legislature is a co-ordinate branch of the government with the judiciary, invested with high and responsible duties, and legislates under the solemnity of an oath, which they are not supposed to disregard.

All doubts are resolved in favor of the constitutionality of the statute. If there is reasonable doubt of its constitutionality, it must be upheld by the courts. If it is susceptible of two interpretations, one in favor of its constitutionality and the other against, it is the duty of the courts to uphold it. Cooley's Constitutional Limitations (7th Ed.), pp. 252, 253, and 254.

A statute of Wisconsin (Laws 1907, c. 254, section 1816, subd. 5) provides: "In all cases under this act, the question of negligence and contributory negligence shall be for the jury." (It will be noted section 2 of the statute under consideration is in substantially the same terms.) The supreme court of Wisconsin, in passing on the constitutionality of that statute, in *Kiley* v. *Chicago, M. & St. P. Ry. Co.*, 138 Wis. 215, 119 N. W. 309, said: "It is contended that the legislature intended to deprive the courts of their judicial functions, as conferred on them by section 2, art. 7, of the state Constitution, by the provisions of subdivision 5, and to confer such functions

on juries, as they are constituted by the state Constitution. The powers conferred on courts and juries by these constitutional provisions were well defined in the established system of jurisprudence in this country at the time of their adoption. This court interpreted these constitutional provisions as conferring on court and jury those well-defined powers as they existed, and had been repeatedly exercised by court and jury, under the common law. In *Callahan* v. *Judd,* 23 Wis. 343, in speaking of the significance of the phrase 'judicial power as to matters of law and equity,' employed in the Constitution, as applied to the courts, the court declares: 'In actions at law they had the power of determining questions of law, and were required to submit questions of fact to a jury. When the Constitution, therefore, vested in certain courts judicial power in matters of law, this would be construed as vesting such power as the courts, under the English and American system of jurisprudence, had always exercised in that class of actions. It would not import that they were to decide questions of fact, because such was not the judicial power in such actions. And the Constitution does not attempt to define judicial power in these matters, but speaks of it as a thing existing and understood.' See, also, *Oatman* v. *Bond,* 15 Wis. 21; *Klein* v. *Valerius,* 87 Wis. 54, 57 N. W. 1112, 22 L. R. A. 609; *City of Janesville* v. *Carpenter,* 77 Wis. 288, 46 N. W. 128, 8 L. R. A. 808, 20 Am. St. Rep. 123. Under the system of law as it then existed, it devolves on the court to determine the legal sufficiency of the evidence tending to prove a fact, and, when the court had judicially ascertained that the evidence adduced tended to establish the constituent facts of the matter at issue, it then devolved on the jury to determine whether, upon the evidence, the fact was satisfactorily proven. The powers of the court and jury in the administration of the law in these respects were distinct and well-defined at the time of the adoption of our Constitution, and became

vested in the court and jury by its provisions. They cannot be abrogated or modified by legislative action (to the extent of impairing, in any degree, the judicial power). Under the Constitution courts have become vested with the judicial power to determine the questions of the legal sufficiency of the evidence to establish the rights of the parties at issue, and to apply the law to the facts when found, and this power cannot be withdrawn from them and conferred on juries. Did the legislature intend by the provisions of subdivision 5 of this act to confer judicial power, vested in the court, on the jury? It declares: 'In all cases under this act the question of the negligence and contributory negligence shall be for the jury.' In their general sense the words are but a declaration of the law as it exists, namely, that, when the court has found that there is legal evidence tending to show negligence or contributory negligence, it is for the jury to determine from the evidence adduced whether negligence or contributory negligence exists. This interpretation of the provision does not make a change in the law, and cannot affect the rights of any person.''

The circuit court of appeals for the eighth circuit, in *Mo. Pac. R. R. Co.* v. *Castle,* 172 Fed. 841, 97 C. C. A. 124, having under consideration a statute of Nebraska providing, ''All questions of negligence and contributory negligence shall be for the jury,'' said: ''In view of the history of trial by jury and the distribution of governmental powers by the Constitution of Nebraska, we cannot presume for a moment that the legislature had reference to any question except those of fact, when it used the language: 'All questions of negligence and contributory negligence shall be for the jury.' As thus interpreted the language quoted is simply declaratory of existing law. *Kiley* v. *Chicago, M. & St. P. Ry. Co.* (1909), 138 Wis. 215, 119 N. W. 309, 120 N. W. 756. It is only when in the opinion of the court there is no question of

·negligence or contributory negligence as a matter of fact that cases are taken from the jury, under existing practice. . . . If the legislature has the power to take away the defense that the injury sued for was committed by fellow servants, it certainly has the right to modify the rule that any negligence of a plaintiff directly contributing to his injury will defeat his recovery. *Mo. Pac. Ry. Co.* v. *Mackey,* 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; *Minneapolis & St. Louis Ry. Co.* v. *Herrick,* 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. Ed. 109; *Tullis* v. *Ry. Co.,* 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192; *Chicago, K. & W. R. Co.* v. *Pontius,* 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675; *Pierce* v. *Van Dusen,* 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705; *Kiley* v. *Chicago, M. & St. P. Ry. Co.,* 138 Wis. 215, 119 N. W. 309, 120 N. W. 756.''

Section 2 of the statute, declaring that ''questions of negligence and contributory negligence shall be for the jury to determine,'' is merely declaratory of the common law. There can be no questions of negligence or contributory negligence for the jury, except issues of fact. The court has the power, which cannot be taken from it, to determine the legal sufficiency of the evidence as tending to establish negligence or contributory negligence. The language, ''all questions,'' means questions of fact—issues of fact—are for the jury. If the evidence never reaches the point of raising issues of fact to be determined, then there is no question for the jury. This section has reference to the issues of fact to be submitted to the jury, under the provisions of section 1 of the act. The only change made in the common law by this statute is that in the class of actions referred to in section 1 contributory negligence on the part of the plaintiff is no longer a bar to recovery, but may only be used against him by the defendant in mitigation of damages. If the testimony of the plaintiff falls short of establishing negligence on the part of the defendant, there is no

question of negligence for the jury to determine, and
the court may direct a verdict for the defendant. On
the other hand, if there is sufficient evidence to go to
the jury on the question of defendant's negligence, and
there is no testimony tending to establish contributory
negligence on the part of the plaintiff, there would be
no question of contributory negligence for the jury, and
the court should so instruct them peremptorily. The
question whether, under this statute, if the plaintiff's
injury were brought about by his own willfulness, reck-
lessness, or gross negligence, it would defeat a recovery
by him, notwithstanding the negligence of the defendant
is not presented for decision. It will be noticed above
that such an instruction was given on behalf of the ap-
pellants.

It is argued for appellant that the statute in question
is violative of the following clause of section 193 of the
Constitution: "Knowledge by any employee injured,
of the defective or unsafe character or condition of any
machinery, ways, or appliances, shall be no defense to an
action for injury caused thereby, except as to conductors
or engineers in charge of dangerous or unsafe cars, or
engines voluntarily operated by them." The appellant
is not in a position to raise this question. The appellee,
at the time of his injury, was not a conductor or engineer
"in charge of dangerous or unsafe cars, or engines vol-
untarily operated by him," and is not seeking in that
capacity to invoke the provisions of this statute against
the appellant. The court will not listen to an objection
made to the constitutionality of a statute by a party
whose rights are not affected thereby, and who has no
interest in establishing its invalidity. Cooley's Const.
Limitations (7th Ed.), p. 232; 8 Cyc. 787.

Construing this statute as we have above, there is no
merit whatever in the contention that it violates either
the due process or the equal protection clauses of the
Constitution of the United States. It is clearly within

the police power of the state. ; The statute makes a classi-
fication of all actions for personal injuries. This classifi-
cation is based on reason and justice, and is not a dis-
crimination in favor of defendants in other character
of actions. It was held by this court in *Jones* v. *A. & V.
Ry Co.*, 72 Miss. 22, 16 South. 379, that section 3548,
Ann. Code of 1892, prohibiting running, walking, or kick-
ing switches within the limits of a municipality, and
making railroad companies liable for damages sustained
thereby, without regard to the contributory negligence
of the person injured was not unconstitutional, but
within the legitimate exercise of the police power.

It follows, from these views, that the court below com-
mitted no error in the instructions given for the appellee,
nor in refusing those requested on the part of the ap-
pellant.

There is no merit in the other errors assigned.

*Affirmed.* ·