YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v*. BETSY CARROLL *et al.*

[60 South. 1013.]

1. NEGLIGENCE. *Contributory negligence. Laws* 1910, *chapter* 135.

Under chapter 135, Laws 1910, so providing, contributory negligence whether slight, ordinary or gross is not a complete defense to an action for damages, but will only cause a diminution of the same.

2. SAME.

This statute does not deal with, and was not intended to introduce into our jurisprudence, degrees of contributory negligence but it deals with contributory negligence proper of every character.

APPEAL from the circuit court of Claiborne county.

HON. H. C. MOUNGER, Judge.

Suit by Betsy Carroll and others against the Yazoo & Mississippi Valley Railroad Company. From a judgment for the plaintiff, defendant appeals.

This is a suit by the parents of John Carroll, a negro boy, seventeen years of age, for damages suffered by reason of the death of their said son, due to the alleged negligence of the defendant railway company of which he was an employee, working under the supervision of a foreman on a grading train. According to the testimony for plaintiff, at the time of the accident, said John Carroll was climbing upon a flat car for the purpose of placing sideboards to hold dirt when loaded. While climbing onto the car, as directed by the foreman, a switch engine pushing a number of cars ran into the string of cars to which said flat car was attached, with such force that it knocked him off the ladder and under the car, which passed over his leg and crushed it so that he died within a few hours. Plaintiff contends that the engine gave no warning either by whistle or bell or by signal of any kind, and that its approach was not observed or known by deceased, and that the collision was very violent and due to the negligent handling of the switch engine. Deceased was earning one dollar and twenty-five cents per day at the time of his death. The defendant introduced testimony tending to show that the deceased was lying down in the shade under the car at the time he was run over. Upon this sharp conflict in the evidence, the case was submitted to a jury and an instruction upon comparative negligence was given the jury at the request of plaintiff. The statute on comparative negliegnce is as follows (chapter 135, Laws 1910) : "In all actions hereafter brought for personal injuries or where such injuries have resulted in death, the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery, but damages shall

be diminished by the jury in proportion to the amount of negligence attributable to the person injured. All questions of negligence and contributory negligence shall be for the jury to determine.'' Defendant requested the granting of the instruction set out in the opinion, which was refused by the court, and the refusal of this instruction is assigned as error. The jury returned a verdict for two thousand dollars, and the railway company appealed.

*Mayes & Mayes,* attorneys for appellant.

There are various points of error which might be pressed in this case, but we shall press only one; and this for the reason that it is the most sufficient and adequate cause for reversal.

The court erred in refusing to give the 13th instruction for the defense which is as follows:

''The court further instructs the jury for the defendant that if they believe from the evidence that John Carroll was under the car at the time of the accident and that he had no duties calling him there, that in such event they shall find for the defendant unless they believe from the evidence that defendant was guilty of gross negligence.''

We take it that this instruction was refused by the court below on the idea that it ran counter to the statute of 1910 which abolishes the doctrine of contributory negligence as a complete defense.

But the point which we desire to make is that while that statute does abolish contributory negligence as a complete defense, it does not abolish as a defense that character of contributory negligence which is gross. If the contributory negligence is gross, then the act of 1910 does not apply, we submit, and that question was reviewed by this court in the decision of *Natchez & Southern R. R. Co.* v. *Crawford,* 99 Miss. 697, l. c. 718.

It is this question which we desire to present. We were entitled to have submitted to the jury the propo-

sition that the defendant was entitled to a verdict, if the party killed was guilty of such negligence that the court itself could characterize it as gross. The instruction was based on the evidence of three witnesses for the railroad company as follows: 1. On the testimony of Will Myers, who stated that the boy was killed by getting under the car where he had no business to be, in order to avoid a shower and although he had been warned to keep out from under them by Mr. Hill, one of the parties in charge of the work train. 2. The testimony of Hill himself, who showed that he had given the warning about which Myers spoke. 3. The testimony of the conductor who corroborated these witnesses in this, that he stated that if the boy had been where the witnesses for plaintiff placed him, he, the conductor, could have seen him, and would have seen him; but that he did not see him.

We respectfully submit, therefore, that the court erred in not submitting to the jury this aspect of the case; manifestly on the theory that the possible contributory negligence was no defense; but if his negligence was such that this court would characterize it as gross, it was a defense even under the act of 1910, and if in the face of warning he persisted in crawling under the flat car in order to get out of a shower, it was gross negligence.

In view of the foregoing position, it is not worth while to discuss any questions growing out of the controversy about whether the railroad company was or was not negligent in itself. Our proposition is that the boy was guilty of gross contributory negligence and that assumes the negligence on the part of the railroad company.

The court will observe that this instruction so refused was carefully drawn. It contained an express provision that it would not be applicable in the event that the railroad company was guilty of gross negligence. So that in refusing it the court left the matter in the attitude that they refused an instruction applicable only where the

jury should find that the railroad company was guilty of
simple negligence.

*R. B. Anderson* and *J. McC. Martin,* attorneys for ap-
pellees.

Defendant complains of the refusal of his 13th in-
struction whereby the jury were told to find for defend-
ant if they believed the boy was under the car when in-
jured and had no duties calling him there, unless the de-
fendant was guilty of gross negligence.  The refusal of
this was proper:  1st, because it was fully covered by
the 5th instruction which the court, in its exceeding lib-
erality granted defendant; 2d,  because there  was no
proof that the boy was under the car when killed; 3d,
because it left it to the jury to say what was gross neg-
ligence, thereby submitting a legal question to the de-
termination of the jury.  It does not undertake at all to
cite the jury to the belief or disbelief of any fact as
being simple or gross negligence; 4th, because, we con-
tend, that to back a train into a lot of cars upon which
men were engaged in manual labor, without proper sig-
nals on the part of the master, and that, therefore, the
defendant was not entitled in any event to such a state-
ment from the court; 5th, because we contend that the
instruction declares that it was negligent for the boy to
have been under a stationary car at the time and we say
that this was a question of fact, whether under the cir-
cumstances, it was negligent or not.

Argued orally by *J. McC. Martin,* for appellees.

Cook, J., delivered the opinion of the court.

The only assignment of error pressed in the brief of
counsel for appellant is that the court below erred in
refusing to grant it the following instruction:   ''The
court further instructs the jury for the defendant that
if they believe from the evidence that John Carroll was

under the car at the time of the accident, and that he had no duties calling him there, that in such event they shall find for the defendant, unless they believe from the evidence that defendant was guilty of gross negligence.''

The contention of counsel for appellant is ''that, while the statute does abolish contributory negligence as a complete defense, it does not abolish as a defense that character of contributory negligence which is gross.''  The statute referred to is chapter 135 of the Acts of 1910, and the point we are now called upon to decide was expressly reserved in *Railroad Co.* v. *Crawford,* 99 Miss. 697, 55 South. 596.  This statute is plain, unambiguous, and easily construed.  Prior to its passage contributory negligence—any contributory negligence, slight, ordinary, or gross, if negligence can in fact be so classified —barred a recovery, and the manifest legislative purpose of enacting it was simply to alter the rule on this subject, which had been established by the court, so that such negligence should not thereafter bar recovery, but should simply cause a diminution of the amount thereof. This statute does not deal with, and was not intended to introduce into our jurisprudence, degrees of contributory negligence, but it deals with contributory negligence proper of every character.

*Affirmed.*