## ANDERSON, ADMINISTRATRIX, *v.* SMITH.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 91.    Argued December 17, 1912.—Decided January 6, 1913.

The evidence in this case not showing that the injury suffered by the servant was caused by failure of the master to provide a safe place or proper appliances, the trial court rightly took the case from the jury, and directed a verdict for defendant.

35 App. D. C. 93, affirmed.

THE facts are stated in the opinion.

*Mr. Leonard J. Mather,* with whom *Mr. John Doyle Carmody,* was on the brief, for plaintiff in error.

*Mr. H. Prescott Gatley,* with whom *Mr. Samuel Maddox* and *Mr. Barry Mohun* were on the brief, for defendant in error.

Memorandum opinion, by direction of the court, by MR. CHIEF JUSTICE WHITE.

Charles P. Anderson was one of several workmen engaged in tearing down an old building in Georgetown in the District of Columbia. The building had been demolished as far as the first floor, and it became necessary to take down a large doorframe. While Anderson was engaged with others in that work the frame fell upon him and caused injuries from which he died. An administratrix was appointed and brought this action against the employer of Anderson to recover damages, basing the right of action upon alleged negligence in failing "to provide a reasonably fit, proper and safe place" for Anderson to work, and also in failing "to furnish reasonably fit and proper machinery, reasonable adequate and sufficient tackle or implements, or a reasonably safe and proper number of men for the removal of such doorframe." At the trial, on the close of the evidence for the plaintiff, the court being of opinion that there was an utter failure of the proof to sustain the allegations of negligence, directed the jury to return a verdict for the defendant, and the judgment entered on the verdict was affirmed by the Court of Appeals of the District. (35 App. D. C. 93.) This writ of error was then prosecuted.

Without attempting to state the evidence, we think there is no room whatever for the contention that the court below erred in affirming the action of the trial court in taking the case from the jury. We say this because, adopting the view most favorable to the plaintiff of the evidence, it affords not even a shadow of ground for con-

cluding that the injury suffered was caused by the failure of the master to perform the positive duty resting on him to exercise reasonable care to provide a safe place for the work or proper appliances.

*Affirmed.*