### CLARKE v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1923. Rehearing Denied March 7, 1923.)

No. 3918.

1. **Railroads ☞279—Unlawful speed not negligence, unless proximate cause of injury.**

   The fact that the train which injured a person unlawfully attempting to board it was running at a rate of speed which was excessive under a municipal ordinance does not establish negligence as to that person, unless the speed was the proximate cause of the injury which he sustained.

2. **Negligence ☞136(9)—Verdict can be directed for defendant, where it is obvious that plaintiff's negligence was proximate cause alone.**

   Even though it is the law of Mississippi that even gross contributory negligence does not bar a recovery, and that negligence and contributory negligence are for the jury to determine, the court can direct a verdict for defendant, where it is perfectly obvious that the proximate cause of the injury was alone the negligence of the plaintiff.

3. **Trial ☞139(1)—Verdict should be directed for defendant, if one for plaintiff would be set aside.**

   In the United States courts, the trial court should direct a verdict for defendant, where the evidence is so undisputed, or is of such a conclusive character, as would make it the duty of the court to set aside a verdict, if the case had been given to the jury and a verdict returned in favor of the plaintiff.

4. **Railroads ☞279—Unlawful speed held not cause of injury to boy attempting to board train.**

   Where a boy was injured when he attempted to board a moving freight train which was a misdemeanor under Hemingway's Code Miss. § 1081, and was thrown so one foot was run over by the cars, the operation of the train at a speed exceeding the maximum permitted by city ordinance, which fact the boy had opportunity to observe before attempting to board the train, was not a proximate cause of the injury, which was caused solely by his act.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by George D. Clarke, by Mrs. Minnie B. Clarke, his mother and next friend, against the Illinois Central Railroad Company. Judgment for defendant on a directed·verdict, and plaintiff brings error. Affirmed.

Garland Q. Whitfield, of Jackson, Miss. (J. W. Cassedy, of Brookhaven, Miss., and Julian P. Alexander, of Jackson, Miss., on the brief), for plaintiff in error.

A. J. McLaurin and Geo. W. May, both of Jackson, Miss. (May, Sanders & McLaurin, of Jackson, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Plaintiff in error, plaintiff in the court below, brought suit against the Illinois Central Railroad Company, hereinafter styled defendant, to recover for personal injuries alleged to have been inflicted by said defendant.

George Clarke was a boy about 13 years of age, a member of a Boy Scout troop, and on the night when injured was on his way to a meeting of the troop, who were going to a lecture. While playing with a companion near where South Gallatin street crosses the defendant's railroad tracks in the city of Jackson, Miss., he heard a train of defendant approaching from the south. He and his companion undertook to board said train as it passed Gallatin street. The companion first boarded the train, and the plaintiff almost immediately thereafter did the same thing. The train was a fruit freight train and was running at the rate of speed of about 15 miles per hour. Young Clarke caught a handhold near the rear of the train, putting his foot in the stirrup. While riding on the train in this position, his body collided with a switch stand, he was struck from the train, and his foot run over, causing its amputation.

A statute of the state of Mississippi (Hemingway's Code, § 6667) prohibits the running of trains through a city at a rate of speed exceeding 6 miles per hour, subject to certain rights in the Railroad Commission of said state to except parts of cities. However, no such exception had been made at the place of this accident. Another statute (Hemingway's Code, § 1081) makes it a misdemeanor for any person not a passenger or employee to climb upon, jump, or step upon, or in any way attach himself to, any locomotive, train, or car, while in motion on a railroad track or siding.

The evidence of the plaintiff tended to support the allegations of the declaration, and he further testified that, had the train not been running at a rate of speed exceeding 6 miles per hour, he could have jumped therefrom, and would not have been struck therefrom by the switch stand with such violence as to cause his leg to get under the train and himself to be so injured.

At the conclusion of the evidence, the court, on motion of the defendant, directed a verdict in favor of the defendant railroad com-

pany. This is assigned as error, upon the ground that the excessive speed of the train was a proximate cause of the injury, and, even if the action of the plaintiff in attempting to ride said train was gross negligence, under the Mississippi statutes it would not bar a recovery. Conceding this to be the law of Mississippi, we do not think the court erred in the direction of the verdict in this case.

[1, 2] While the rate of speed at which this train was running through the city of Jackson at this place was unlawful, it would not be negligence as to this plaintiff, unless it was a proximate cause of the injury which he sustained. Even if questions of negligence and contributory negligence are for the jury to determine, the decisions of the courts of the state of Mississippi recognize the fact that, where it is perfectly obvious to the court that the proximate cause was alone the negligence of the plaintiff, he has authority to direct a verdict. Hopson v. Railroad Co., 87 Miss. 789, 40 South. 872; Railway Co. v. Crawford, 99 Miss. 697, 55 South. 596; Howell v. Railroad Co., 75 Miss. 242, 21 South. 746, 36 L. R. A. 545.

[3] In the United States courts, the court should direct a verdict where the evidence is so undisputed, or is of such conclusive character, as would make it the duty of the court to set aside the verdict, if the case had been given to the jury and a verdict returned in favor of the plaintiff. Empire State Cattle Co. v. Atchison Ry. Co., 210 U. S. 1, 10, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Anderson, Admx., v. Smith, 226 U. S. 439, 33 Sup. Ct. 176, 57 L. Ed. 289.

[4] In this case we think that the proximate cause of this injury was attempting to board this rapidly moving freight train by the plaintiff, in violation of the Mississippi statute making it a misdemeanor so to do, and that it cannot be properly said that the unlawful speed of this train was negligence as to him. While he may not have known the speed at which it was going while it was approaching, he must have known it was running at a very rapid rate of speed from the time the engine passed him until he attempted to board this freight car after his companion had boarded one, and that he voluntarily placed himself where he had no right to be, as the result of which act he was injured.

We therefore think that the action of the court below in directing a verdict was warranted, and the judgment of the District Court is affirmed.