In Re: Application of ADA NEWKIRK, joined by her husband, T. R. NEWKIRK, Petitioners for Writ of Prohibition.

154 So. 323.

Opinion Filed April 16, 1934.

*S. S. Sandford,* for Petitioners.

DAVIS, C. J.—Prior to the rendition of the opinion of this Court in Hillsborough County v. Temple Terrace Assets Co., 111 Fla. 368, 149 Sou. Rep. 473, the Circuit Court of Hillsborough County had rendered a final decree in equity against the petitioners, Ada Newkirk and T. R. Newkirk, in favor of Highway Engineering & Construction Company, based upon Chapter 9316, Acts of 1923, and Chapter 10139, Acts of 1925. The relief granted in that case was the foreclosure of certain liens predicated upon the constitutional validity of said Acts of the Legislature just referred to. But in Hillsborough County v. Temple Terrace Assets Company, *supra,* this Court held that Chapter 9316, Acts of 1923, never constitutionally passed the Legislature and therefore never became a valid statute of this State. So the relief now attempted to be obtained by this application for writ of prohibition is relief against further proceedings in the Circuit Court of Hillsborough County wherein it appears that the circuit court is about to issue and have executed its writ of assistance in aid of the enforcement of a final decree of foreclosure based upon Chapter 9316, Acts of 1923, which has been declared unconstitutional by this Court subsequent to the final decree upon which the writ of assistance is about to be ordered. Assuming that the facts alleged in the petition entitle the petitioners to be relieved of compliance with a final decree of the circuit court

not directly attacked by appeal during the time allowed for appeal, the remedy is not prohibition. So long as the final decree of a court of chancery stands unvacated, unreversed and unmodified, the circuit court has power to enforce it by appropriate processes available for that purpose. A decree based upon an unconstitutional statute is not essentially void nor open to collateral attack since the power of a court of chancery to decide a case otherwise properly brought before it includes the judicial power to decide that a statute involved in the proceeding is a valid statute, even though its decision on the constitutional point be erroneous and the resultant decree be one that would not have been rendered had the court correctly decided the constitutional point.

Complainant's remedy is by petition in the nature of an original bill in the nature of a bill of review, by which means a final decree in chancery can be directly attacked and set aside upon equitable principles, through resort to those equitable processes which are not collateral but direct in their nature.

To maintain a proceeding in prohibition after final decree in equity to restrain the ordering of processes about to be issued to enforce such a decree, the decree attacked must not only be erroneous or voidable, but must be wholly void and therefore subject to collateral attack. Otherwise, the remedy is a direct attack on the decree by an original bill in the nature of a bill of review. See Sapp v. Warner, 105 Fla. 245, 141 Sou. Rep. 124, 143 Sou. Rep. 648, 144 Sou. Rep. 481; Miller v. Cook, 135 Ill. 190, 25 N. E. Rep. 756, 10 L. R. A. 292; Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. Rep. 659.

Where a chancery court's jurisdiction to hear and determine an equity cause has been once duly acquired by it

through proper filing of the suit and service of process upon the parties, the fact that the relief granted by a final decree in such suit is predicated upon an unconstitutional statute that the court necessarily had the right and power to decide was constitutional in order to grant the relief prayed for and awarded, does not make the resultant final decree void, nor is such decree rendered subject to collateral attack, merely because a court of superior appellate jurisdiction has, subsequent to the rendition of such final decree, declared unconstitutional the underlying statute upon which the final decree was awarded. This is true, although such subsequent decision of the court of superior appellate jurisdiction may afford equitable grounds upon which to directly attack and have reversed and vacated such final decree upon equitable considerations governing proceedings in the nature of an original bill in the nature of a bill of review.

The rule *nisi* in prohibition is denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.