**THE STATE OF FLORIDA, for the use of C. H. Groves and others, v. WILKINS-AUSTIN CORPORATION, and others.**

8 So. (2nd) 275      En Banc
May 26, 1942

S. J. Stiggins, for appellant.

T. G. Futch and C. Rogers Wells, for appellees.

PER CURIAM:

Final decree foreclosing alleged drainage district tax certificate liens upon lands was rendered April

26, 1939; foreclosure sale was confirmed February 23, 1940, the confirmation decree providing that "this case is retained for further orders."

The following words and figures are indorsed on the final decree:

"I hereby acknowledge receipt of Master's Deed and credit this Decree for the purchase price as follows:

"For Re-imbursement of Taxed Cost and cost and expense of sale, $105.70; said Certificates of Indebtedness credited $1176.70 and surrendered to the Circuit Clerk for cancellation and by him cancelled, this May 16th, 1940.        C. H. Groves, by
                              S. J. Stiggins, his Attorney."

On November 26, 1940, this Court in another case held in effect that the alleged drainage district tax certificate liens had not been duly authorized by law. State v. Trust Company of Georgia, 145 Fla. 181, 198 So. 844.

On December 21, 1940, defendants below filed a motion in the circuit court praying vacation of the final decree of foreclosure and the decree confirming the foreclosure sale setting up the subsequent decision that the drainage district tax certificates were not valid. The motion alleges that the foreclosure deed has not been "filed or recorded" by the purchaser at the foreclosure sale. This is not denied by the answer to the petition.

The Circuit Judge on March 24, 1941, vacated and set aside the final foreclosure decree of April 26, 1939, and the order confirming a sale of lands under the final decree. This was procedural error. The final decree of April 26, 1939, and the order confirming

sale are *not void* and should not have been vacated. and set aside *on motion;* but the motion filed December 21, 1940, may be presented to the circuit judge on an application for leave to file an appropriate bill of review in the premises. See In Re Newkirk, 114 Fla. 552, 194 So. 323. The decree of March 2, 1941, here appealed from is reversed *pro forma* and the case remanded, with leave to make a proper application to the circuit judge for an appropriate bill of review.

Under Section 4, Declaration of Rights of the Florida Constitution, an injured party "shall have remedy, by due course of law," that being the means by which "right and justice shall be administered without sale, denial or delay."

It Is So Ordered.

WHITFIELD, TERRELL, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., BUFORD and THOMAS, JJ., dissent.

BROWN, C. J., dissenting:

This case has some features in common with the case of Jackson Grain Company, et al., v. Lee, 139 Fla. 93, 190 So. 464, but the situation here involved is different in certain vital respects. This is *not* an injunctive case. Nor is the State or its revenues interested in or affected by the result of this suit. The final decree in this case foreclosing certain alleged drainage district tax certificate liens upon lands was rendered April 26, 1939. The foreclosure sale was confirmed on February 23, 1940. The equities were settled by the final decree of foreclosure, but the decree confirming the sale dealt with certain matters

which had transpired pendente lite and ordered the possession of the lands to be delivered to C. H. Groves upon the presentation of the master's deed. Then this language was used: "And now this case is retained for further orders." We hardly think it was the intention of the circuit court, by this language, to hold the case open for any further attack upon the validity or force and effect of the final decree and the sale had thereunder, which the court had confirmed.

Some months later, on December 21, 1940, the defendants, appellees here, filed a motion in the circuit court praying a vacation of the final decrees of foreclosure and the decree confirming the foreclosure sale upon the ground that in the meantime, this Supreme Court, by an opinion filed November 26, 1941, in another case (State ex rel. Groves v. Trust Co. of Ga. 145 Fla. 181, 198 So. 844) had held in effect that the alleged drainage tax certificate liens involved in that case had not been duly authorized, as the record did not show any assessment made by the committee named by the legislative act, and hence the certificates did not constitute a lien on the lands involved in that suit, which was in the same drainage district and involved the same class of drainage tax certificates. No appeal was taken from the final decree of foreclosure in the case at bar, and no bill of review was filed, within the six months period, nor was a bill in the nature of a bill of review filed after the six months period. But counsel for the appellant here makes no point on the method of attack by motion, having filed in the court below an answer to the motion, without objection to the form of attack. So we may treat this motion above referred to as an application for leave to file a bill in the nature of a bill of review seeking

the vacation of said foreclosure decree on account of
the decision of this Court on November 26, 1941,
rendered in another case. The appellant here filed,
as above stated, an answer to the motion to vacate
the final decree of foreclosure, in which the appellant
denied that the pleadings and evidence were substan-
tially the same here as in the former case above cited,
but when the matter came on to be heard the learned
Circuit Judge granted the motion and set aside the
final decree of foreclosure theretofore rendered in
this case in April, 1939, and the decree of February
23, 1940, confirming the sale, and it is from that
order that this appeal is taken. The appellant here
is the purchaser at the foreclosure sale.

We do not think that the cases of Jackson Grain
Co. v. Lee, 139 Fla. 93, 190 So. 464, and the same
case on a second appeal considered and decided at
this term, are necessarily controlling here. That was
a case involving an injunction against the Comptrol-
ler, a State officer, who was represented in the case by
the Attorney General, the purpose of which was to
enjoin the collection of certain excise taxes. It was
not a suit between private parties, as here. And it
was held in effect in that case that laches on the part
of the State's officer in not taking an appeal from the
decree of injunction against the Comptroller, enjoin-
ing him from collecting certain excise taxes, did not
operate to estop the Comptroller, after time for appeal
had expired, from filing a bill in the nature of a bill
of review, after this Court, in the meantime and in
another case, had construed the statute to mean that
said taxes *were* imposed by the statute and were legal
and collectable. While the State was not a formal
party to that suit the State's revenues were at stake

and the State was in a practical sense the real party in interest.

But in this case we have a suit between private parties in which a decree foreclosing certain drainage tax certificates and confirming the sale under said decree had both become final; the time for taking an appeal had elapsed, and likewise the time when a strict bill of review could have been filed. But the motion to set aside said decree was made within a month after this Court had in another case' held that similar drainage tax certificates, based upon assessments alleged to have been made by the same drainage district, were not authorized as required by the special act, and that therefore the trial court was correct in refusing to foreclose the supposed liens. The answer of the appellants, as made in the court below, was mainly to the effect that the said final decree of foreclosure and the decree confirming the sale in this case had become final and that the doctrine of *res judicata* applied and that therefore the court below should have denied the said motion to set aside said decree.

Appellant contends that a subsequent decision in another case is not such a new matter as would constitute a ground for bill of review, citing various authorities, including 21 C. J. 760. (See also 19 Am. Juris. 298, 306.) Also that the only questions open for examination on a bill of review are such questions of law as arise on the pleadings, proceedings of record and decree, exclusive of the evidence. That in this case appellants show only a finding of the Supreme Court in a latter case that the evidence in that particular case failed to show that the committee named in the act had made a valid assessment before passage

of the act, and that therefore the decision was based on the evidence, or the lack of it, in that case.

In the case of Scotten v. Littlefield, 235 U. S. 407, 57 L. Ed. 289, the Supreme Court of the United States held, quoting the second headnote, as follows:

"2. A subsequent decision of the Federal Supreme Court, which would have required a different result if the governing principles had been applied in reclamation procedings in a bankruptcy court, will not lay the foundation for a bill of review for errors of law apparent or for new matter *in pais,* discovered since the decree in such proceedings, and possibly requiring a different result."

In the recent case of Chicot Drainage District v. Baxter State Bank, 308 U. S. 371, 84 L. Ed., 239, the opinion in which was written by Mr. Chief Justice Hughes, it was held as shown by the second and sixth headnotes as follows:

"Bondholders who, as parties in a proceeding in bankruptcy for the readjustment of the debts of a drainage district, had full opportunity to object to the constitutionality of the provision of the Bankruptcy Act providing for such readjustments, are bound by the decree in that proceeding, and, upon principles of res judicata, cannot afterwards seek to recover on their bonds upon the ground that, the provision of the Bankruptcy Act having subsequently been declared unconstitutional in another case, the decree was void and of no effect."

"*Res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the rights asserted in the earlier proceedings, but also as respects any other available matter which might have been presented to that end."

The Supreme Court of the United States in the case of John Simmons Co. v. Grier Bros. Co., U. S. 82, 66 L. Ed. 475, held that a change in the authoritative rule of law, resulting from a decision by the Federal Supreme Court announced subsequent to a former decree, neither demonstrates an error of law apparent upon the face of that decree, nor constitutes new matter *in pais* justifying a bill of review.

Our court has held that the foundation principle upon which the doctrine of *res judicata* rests is that parties ought not to be permitted to litigate the same issue more than once; that when a right or fact has been judicially tried and determined by a court of competent jurisdiction, the judgment of the court, so long as it remains unreversed, is conclusive upon the parties and those in privity with them in law or estate. Such undoubtedly is the general rule. Hay v. Salisbury, 92 Fla. 446, 109 So. 617. Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A. (N.S.) 577.

This general rule has been modified or enlarged to some extent by our opinion and decision in the case of In Re: Newkirk, 114 Fla. 552, 154 So. 323, which case has been cited with approval in Fleming v. Fleming, 130 Fla. 264, 177 So. 607; Shaw v. Hamm, 133 Fla. 722, 183 So. 19, and several other subsequent cases. In the Newkirk case, supra, Mr. Chief Justice Davis, speaking for the Court, had this to say:

"Where a chancery court's jurisdiction to hear and determine an equity cause has been once duly acquired by it through proper filing of the suit and service of process upon the parties, the fact that the relief granted by a final decree in such suit is predicated upon an unconstitutional statute that the court necessarily had the right and power to decide was

constitutional in order to grant the relief prayed for and awarded, does not make the resultant final decree void, nor is such decree rendered subject to collateral attack, merely because a court of superior appellate jurisdiction has, subsequent to the rendition of such final decree, declared unconstitutional the underlying statute upon which the final decree was awarded. This is true, although such subsequent decision of the court of superior appellate jurisdiction may afford equitable grounds upon which to directly attack and have reversed and vacated such final decree upon equitable considerations governing proceedings in the nature of an original bill in the nature of a bill of review."

But in the case of State ex rel. Groves v. Trust Company of Georgia, 145 Fla. 181, 198 So. 844, we did not hold Chapter 11850, Acts of 1927, invalid or unconstitutional. That Act provided that a committee composed of three men, designated by name, should construct the drains or ditches authorized by the Act and that the County Commissioners of Sumter County should assess or levy against the lands in said district "the amounts heretofore assessed by the Committee against said lands," etc. The holding of the Court in that case is shown by the following quotation from the opinion:

"It, therefore, follows that it was necessary for the complainant to show an assessment, etc., made by the named committee prior to the passage of the legislative Act. No other levy was validated, approved or authorized by the Act.

"The record not only fails to show that any levy had been made by the named committee prior to the legislative Act, but the preponderance of the evidence

affirmatively shows that no levy had been made by that committee.

"It follows that the decree must be affirmed and it is ordered."

Thus we held in State ex rel. Groves v. Trust Company of Georgia, supra, in effect, that the evidence in that case failed to show that the named committee had made the assessment prior to the passage of the legislative Act, and that therefore the alleged drainage district tax certificate liens were not shown to have been duly authorized in accordance with the Act, and the decree holding them invalid was affirmed. So our decision in that case was based on the failure of the evidence to prove compliance with the act. The constitutional validity of the act was not expressly passed upon.

So this case does not fall within the rule laid down in the case of In Re Newkirk, supra, which rule widened to some extent the scope of the remedy afforded by bills of review and bills in the nature of bills of review as a means for attacking final decrees which had become absolute and from which no appeal had been taken within the time allowed by law. The rule laid down in the Newkirk case should not be further extended so as to permit final decrees which have become absolute to be vacated and set aside, after the time for appeal has expired, merely because, in the light of some subsequent decision of the Supreme Court, such final decrees were erroneous and could have been reversed on appeal. It must be remembered that in this case the trial court had jurisdiction of the parties and of the subject matter, and there was no charge made in the motion that the decree had been procured by fraud or duress.

The entry of the final decree of March 24, 1941, vacating and setting aside the foreclosure decree of April 26, 1939, and the order confirming the sale, was not only a procedural error, in that the said former decree and order, not being void, should not have been vacated and set aside on a mere motion; but, for the reasons above stated, even if the motion to vacate the former final decree be considered as an application for leave to file a bill in the nature of a bill of review to effectuate the same purpose or if the motion could be treated as a bill in the nature of a bill of review, in either event the decree granting the motion and vacating the former final decree, was erroneous and should be reversed.

BUFORD, J., concurs.

THOMAS, J., concurs specially.

THOMAS, J., concurring specially:

I agree to all of the above opinion of Mr. Chief Justice Brown, excepting that part of it distinguishing this case from Jackson Grain Co. v. Lee, 139 Fla. 93, 190 So. 464. It is my conviction that the rule announced here should have been applied in the latter controversy. See 19 Am. Jur. Equity, page 298, John Simmons Co. v. Grier Brothers Company, 258 U. S. 82, 66 L. Ed. 475.