THE SOUTHERN EXPRESS COMPANY *v.* JESSE HUNT.

1. EXPRESS COMPANY. *Service of process on local agent.   Return.*
   Where a summons is served on the local agent of an express company, under Acts 1873, p. 82, the return, to support a judgment by default, must state that the president or other principal officers of the corporation cannot be found in the county in which suit is brought.

2. NEW TRIAL. *Motion to set aside judgment by default.*
   A motion by an express company to set aside a judgment by default, and a large verdict on writ of inquiry, should be granted on terms, where affidavits disclose that the summons left with its local agent miscarried, that there was no want of diligence on its part, and that the articles sued for and alleged to have been lost were of trifling value, and shipped under a special contract set out in the affidavits.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

Jesse Hunt filed his declaration in trespass on the case against the Southern Express Company, Aug. 15, 1877, for the loss of a bee-hive model and a model of a corn-planter and fertilizer distributor, alleged to be together worth $500. A summons issued the same day, returnable Aug. 20, 1877, was returned : —

" Executed the within process this day in person on J. W. Armstrong, agent of the Southern Express Company, at Saltillo by handing to him a true copy thereof.

                                        " OSGOOD TAYLOR,
" Aug. 15, 1877.                        *Sheriff Lee County.*"

At the return term, the defendant not appearing, after the declaration was amended so as to cover expenses for travelling in search of the lost articles, there was judgment by default, verdict on writ of inquiry for $900, and judgment accordingly.

On the last day of the term, Mr. Young, a member of a law firm, under a general retainer by the express company, hearing accidentally of the suit and judgment, went with all possible despatch to the court, and entered a motion to set aside the

judgment: offering affidavits which alleged that the notice left with Armstrong, the agent, had miscarried; that there was no want of diligence on the part of the defendant; and that the articles alleged to have been lost were of trifling value, and shipped under a special contract set out in the affidavits. This motion was overruled, and thereupon the defendant prosecuted its writ of error.

*Whitfield & Young*, for the plaintiff in error.

1. The process must show that the president or other principal officers cannot be found in the county, as a condition precedent to service upon the agent. *Mullins* v. *Sparks*, 43 Miss. 129; *Glenn* v. *Wragg*, 41 Miss. 654; *Foster* v. *Simmons*, 40 Miss. 585; *Southern Express Co.* v. *Craft*, 43 Miss. 515; *Continental Ins. Co.* v. *Mansfield*, 45 Miss. 311, 322.

2. The motion to set aside the judgment by default should have been sustained. *City of Meridian* v. *Trussell*, 52 Miss. 711; *Vannerson* v. *Pendleton*, 8 S. & M. 452; *Brooks* v. *Whitson*, 7 S. & M. 513; *Porter* v. *Johnson*, 2 How. (Miss.) 736; *Dorr* v. *Watson*, 28 Miss. 383; *Fore* v. *Folsom*, 4 How. (Miss.) 282.

*Barton & Cole*, for the defendant in error.

1. The service was sufficient to support the judgment by default. Acts 1873, p. 82; *Claiborne* v. *Planters' Bank*, 2 How. (Miss.) 727; *Winn* v. *Levy*, 2 How. (Miss.) 902; *Carter* v. *Daizy*, 42 Miss. 501; *Winston* v. *Miller*, 12 S. & M. 550; *Miller* v. *Ewing*, 8 S. & M. 421; *Wright* v. *Weisinger*, 5 S. & M. 210; *Walker* v. *King*, 1 How. (Miss.) 17.

2. The judgment by default should not have been set aside on the showing made. *Hare* v. *Sproul*, 2 How. (Miss.) 772; *Rulon* v. *Lintol*, 2 How. (Miss.) 891; *Garnett* v. *Kirkman*, 41 Miss. 94; *Hinds* v. *Terry*, Walker, 80; *Wright* v. *Alexander*, 11 S. & M. 411; *Dean* v. *Young*, 13 S. & M. 118; *Watson* v. *Dickens*, 12 S. & M. 608.

*J. L. Finley*, on the same side, filed a brief arguing the same points, and citing Acts 1873, p. 82.

CHALMERS, J., delivered the opinion of the court.

The judgment by default was improper. The act of March 4, 1873 (Acts 1873, p. 82), only authorizes service of process against express, railroad and telegraph companies to be made

upon local agents of the corporation "if the president or other principal officers of said corporation cannot be found in the county in which suit is brought." It is apparent, therefore, that the president or other principal officer is the party primarily to be served, and that the impossibility of finding him in the county is a condition precedent to the right to serve on the local agent. The officer, therefore, who executes the writ upon a local agent must state in his return that the principal cannot be found, just as is requisite in serving a writ upon a wife or other member of the family in the absence of the defendant husband. *Foster* v. *Simmons,* 40 Miss. 585; *Mullins* v. *Sparks,* 43 Miss. 129.

It was error also to overrule the motion to set aside the judgment by default upon the showing made. It should have been granted upon terms to be fixed by the court. *Fore* v. *Folsom,* 4 How. (Miss.) 282; *City of Meridian* v. *Trussell,* 52 Miss. 711.

*Judgment reversed and cause remanded.*