Drew Lumber Co. v. Walter et al—Syllabus.

DREW LUMBER COMPANY, A CORPORATION, PLAINTIFF IN ERROR, VS. SCOTIA WALTER, GEORGE WALTER, AND FANNIE WALTER, MINORS, BY THEIR NEXT FRIEND WILLIAM S. TISON, MARY MERCER AND HER HUSBAND, GEORGE A. MERCER, AND CAROLINE T. WALTER, DEFENDANT IN ERROR.

1. The provision in section 1019 of the Revised Statutes that service of process upon a corporation may be made by serving the writ upon certain of its officers or agents, in the absence of certain other designated representatives, is mandatory in its character, and, in order to bind a corporation by such service, the return of the officer serving the process must affirmatively show the absence from the county where the suit was instituted of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class.

2. The absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class.

3. A judgment rendered against a defendant corporation upon such defective service, said corporation never having voluntarily appeared so as to give the court jurisdiction, but having entered a special appearance for the purpose of moving to quash the service, must be reversed.

4. The prosecution of a writ of error from such a judgment operates, however, as a general appearance when the cause is remanded to the court below.

This case was decided by Division A.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*D. U. Fletcher, W. M. Ives and Frank Drew,* for Plaintiff in Error.

*H. J. McCall,* for Defendant in Error.

James F. Glen, Commissioner.

On February 6th, 1897, a summons issued to the plaintiff in error at the instance of defendants in error to answer them in an action of trespass, the damages claimed being $1,000. The sheriff made the following return on the summons: "Received this summons 6th Feby., 1897, and served the same 11th Feby., 1897, by delivering a true copy thereof to the within named defendant, George L. Drew, General Manager of the Drew Lumber Co." Plaintiff in error entered a special appearance and filed a motion to quash the service and return of summons on the grounds (1) that service was not made as provided and required by law, in that attempted service thereof was made on the treasurer of the company, but not in the absence of its president, vice-president or other head; (2) that the return did not show valid and sufficient service; and (3) that the return, in so far as it alleged service on the company, was false. The motion was denied, and an exception noted by the plaintiff in error. Thereafter a defualt was entered against defendant, damages subsequently assessed by a jury on *ex parte* evidence at $960, for which judgment was duly entered.

The first assignment of error, and the only one necessary to be considered, is that the court erred in overruling the motion of Drew Lumber Company to quash the service and return of the writ. Service upon private corporations is regulated by the provisions of section 1019

of the Revised Statutes. That section provides as follows: "Process against a corporation, domestic or foreign, may be served: 1. Upon the president or vice-president or other head of the corporation. In the absence of such head: 2. Upon the cashier, or treasurer, or secretary, or general manager; or, in the absence of all the above: 3. Upon any director of such company; or, in the absence of all of the above; 4. Upon any business agent resident in the county in which the action is brought. 5. If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State." It is uniformly held under such statutes that a return showing service upon an inferior officer or agent of a corporation, in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. The absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class. This is the clear and explicit language of the statute, and courts can not ignore the expressed intention of the legislature. Cairo and Fulton R. R. Co. v. Trout, 32 Ark. 17; Arkansas Coal, Gas, Fire-Clay & Manufacturing Co. v. Haley, 62 Ark. 144, 34 S. W. Rep. 545; St. Louis, Alton & Terre Haut R. R. Co. v. Dorsey, 47 Ill. 288; Chicago Planing Mill Co. v. Merchants' Nat. Bk. 86 Ill. 587; Toledo, Wabash and Western Ry. Co. v. Owen, 43 Ind. 405; Southern Express Co. v. Hunt, 54 Miss. 664; Lung Chung v. Northern Pac. Ry. Co., 19 Fed. Rep. 254; Miller's Admr. v. Norfolk & W. R. Co., 41 Fed. Rep. 431; Collins v. American Spirit Mfg. Co., 96 Fed. Rep. 133; 6 Thompson on Corporations, 7545; Alderson

Drew Lumber Co. v. Walter et al—Opinion of Court.

on Judicial Writs, &c., 192; 19 Ency. Pl. & Pr., 657; 18 Ibid. 926. It follows that the judgment should be reversed, but under the decisions of this court the prosecution of a writ of error from such a judgment operates as a general appearance when the cause is remanded to the court below, and hence the judgment should be reversed with directions to permit the defendant to file such pleadings as it may desire within such reasonable time as the Circuit Court may determine. Standley v. Arnow, 13 Fla. 361.

Per Curiam.

This cause being reached for final adjudication, was heretofore referred by the court to its commissioners for investigation who reported the same recommending reversal for the reasons stated in the foregoing opinion prepared by Commissioner Glen. Upon due consideration by Division A of the court the said foregoing opinion is hereby adopted and ordered to be filed as the opinion of the court in said cause, and for the reasons stated in said opinion it is hereby considered, ordered and adjuded that the judgment of the Circuit Court in said cause be, and the same is hereby, reversed at the cost of the defendants in error, with directions to permit the plaintiff in error, as defendant below, within a reasonable time to be fixed by the Circuit Judge, to file such pleadings as it may be advised.