O. L. STUART AND L. E. STRAUSS, CO-PARTNERS DOING BUSI-
NESS UNDER THE FIRM NAME OF STUART & STRAUSS,
*Plaintiffs in Error,* v. IDA M. BUTTS, *Defendant in Er-
ror.*

Opinion Filed January 12, 1920.

1.  It is expressly provided by Section 1691 General Statutes of
    1906, Idem Compiled Laws of Florida, that "writs of error
    shall lie only from Final Judgments," except in certain desig-
    nated cases.

2.  An order of a circuit judge vacating and setting aside a de-
    fault and final judgment and allowing the defendant further
    time in which to plead simply opens up the case for further
    proceedings and is not a final judgment from which writ
    of error may be taken.

A Writ of Error to the Circuit Court for Manatee Coun-
ty; O. K. Reaves, Judge.

Writ of error dismissed.

*Chas. T. Curry* and *L. A. Morris,* for Plaintiffs in Er-
ror;

*John B. Singletary,* for Defendant in Error.

WEST, J.—This is an action at law with ancillary at-
tachment brought in the Circuit Court for Manatee Coun-
ty on the 27th day of May, 1916.

After various proceedings were taken in the case the
trial court overruled a demurrer of defendant to the first
count and made certain other orders with respect to the
remainder of the declaration. No further pleadings were

filed in the case and the clerk of the court, upon praecipe of the attorney for plaintiffs, on the 7th day of January, 1918, entered a default judgment against the defendant. Thereafter, on the 24th day of January, 1918, upon praecipe of counsel and affidavits and proofs filed therewith, a final judgment was entered against the defendant and in favor of the plaintiffs.

Onthe 19th day of February, 1918, a motion with affidavits and proofs was made and filed by the attorney for the defendant to vacate and set aside the default and final judgment. And thereafter, on the 2nd day of March, 1918, this motion was granted and said default and final judgment were thereby vacated and set aside and defendant was given further time in which to plead.

At the time this order was made the court, upon the motion of defendant filed on November 28, 1917, incorporated into it an order directing that certain information therein requested by the defendant be supplied by plaintiffs within a given time. Three days later this part of the order was amended by the court, but in particulars not necessary to be mentioned here. The writ of error is from the order of the court vacating and setting aside the default and final judgment, and from the order amendatory thereto.

The court's order was an exercise of power conferred under the provisions of Section 1424, General Statutes of 1906, idem Florida Compiled Laws, which reads as follows: "The Court may, for good cause shown upon any default for want of appearance or plea, set aside such default, and allow the defendant to demur or plead within a period of time to be fixed by the said court; but the application therefor must be made within sixty days from

the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during such term."

The time intervening from January 24, 1918, the date of the entry of the judgment which was set aside, to March 2, 1918, the date of the order setting it aside, is within the statutory period.

The difficulty in this case, however, is that the writ of error is not taken from a final judgment. It is expressly provided by statute "that writs of error shall lie only from final judgments." An order of a circuit judge vacating and setting aside a default and final judgment and allowing the defendant further time in which to plead simply opens up the case for further proceedings and is not a final judgment from which writ of error may be taken.

This being true, the writ of error must be dismissed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.