MILTON LAND & INVESTMENT COMPANY, A CORPORATION,
  *Plaintiff in Error*, v. OUR HOME LIFE INSURANCE COM-
  PANY, *Defendant in Error*.

Opinion Filed February 24, 1921.

Petition for Rehearing Denied March 23, 1921.

1.  Under the statute regulating the service of summons on pri-
    vate corporations, where the return shows service upon a
    mere agent of the defendant company, without showing the
    absence of all the officers of the company of the superior
    classes designated by the statute as those upon whom serv-
    ice shall be made, before resort is had to service upon one
    of an inferior class, the service is unauthorized and inef-
    fectual to give the court jurisdiction of the defendant com-
    pany in the cause.

2.  Where a judgment is void because the court had not ac-
    quired jurisdiction of the defendant in the cause, such judg-
    ment may be vacated by the court, and a writ of error lies
    to the order of vacation.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Affirmed.

*Wm. B. Farley,* for Plaintiff in Error;

*Chas. S. Adams* and *George C. Bedell,* for Defendant in Error.

WHITFIELD, J.—In an action of assumpsit brought by the land company, a corporation, against the life insurance company, a corporation, the return of service made on the summons September 25, 1919, is as follows:

"The within summons came to hand on the 25th day of September, 1919, and was executed in Jackson County, Florida, on the 25th day of September, 1919, by delivering a true copy thereof to W. H. Milton & Carnce Kimbell as agents of Our Home Life Insurance Company, the within named defendant.

"A. J. LEWIS, Sheriff."

A default for failure to appear was entered by the Clerk against the defendant corporation. Subsequently in term time a verdict and judgment were rendered against the defendant. After the adjournment of the court for the term the defendant, specially appearing, moved the court to vacate the judgment and to stay execution and "all proceedings for the enforcement of the supposed judgment" on grounds going to the validity of the service of summons and the judgment rendered thereon, the defendant not appearing in the cause prior to the making of the motion to vacate the asserted void judgment. The court ordered that the "motion be and the same is hereby

granted and the judgment entered in this cause be, and the same is hereby, vacated and execution and all proceedings for the enforcement of said judgment stayed."

A writ of error was taken by the plaintiff below to the order above quoted vacating the judgment on grounds that it is void.

In Stuart v. Butts, 78 Fla. 657, 83 South. Rep. 606, it was held that "an order of a Circuit Judge, vacating and setting aside a default and final judgment and allowing the defendant further time in which to plead, simply opens up the case for further proceedings, and is not a 'final judgment' from which writ of error may be taken."

The order in that case set aside a default and final judgment, upon motion duly made within the time allowed by Section 1424, General Statutes, 1906, for the purpose of allowing further time for the defendant to plead. That was not a final judgment to support a writ of error under the statute. Sec. 1691, Gen. Stats., 1906, Compiled Laws, 1914.

In this case, as in Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563, the order vacated a final judgment upon a motion alleging the judgment to be void, which motion was made after the time allowed by the statute for making applications to set aside default and final judgments for the purpose of allowing the defendant further time in which to plead. The order in this case is a final adjudication of an application to vacate an alleged void judgment and to stay the execution of such judgment. It is not an order made pursuant to the statute setting aside a default and final judgment to allow further time for the defendant to plead. See 3 C. J. 467; 2 Ency. Pl. & Pr. 109.

Where a defendant does not appear in a cause it is incumbent upon the plaintiff to see that proper service of legal process was duly made upon the defendant to give the court jurisdiction of the defendant in the cause. If legal service is not made and the defendant does not appear in the cause, the judgment may be void. If void the judgment may be vacated on due application.

Section 1406, General Statutes, 1906, as amended by Chap. 7752, Acts of 1918, provides:

"Sec. 1406 upon a private corporation.—Process against any corporation, domestic or foreign, may be served:

"1. Upon the President or Vice-President or other head of the corporation. In the absence of such head:

"2. Upon the Cashier, or Treasurer, or Secretary, or General Manager; or, in the absence of all of the above:

"3. Upon any Director of such company; or, in the absence of all of the above:

"4. Upon any Officer or Business Agent, resident in the State of Florida.

"5. If a Foreign Corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State.

"Sec. 2. That all laws and parts of laws in conflict herewith be, and the same are hereby, repealed.

"Sec. 3. That this Act shall take effect upon becoming a law.

"Approved Dec. 7, 1918." Sec. 2600, Revised General Statutes of 1920.

"It is uniformly held under such statutes that a return showing service upon an inferior officer or agent of a

corporation in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. The absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class. This is the clear and explicit language of the statute, and courts can not ignore the expressed intention of the Legislature." Drew Lumber Co. v. Walter, 45 Fla. 252, text 254, 34 South. Rep. 244.

In this case the sheriff's return shows the statute was not complied with in making service of summons. Consequently the court had no jurisdiction of the defendant and the judgment being for that reason void, it was properly vacated.

Affirmed.

On Petition for Rehearing.

PER CURIAM.—Presumptions in favor of the validity of a judgment do not prevail against the record showing that jurisdiction of a defendant had not been acquired as provided by law and such defendant had not appeared in the cause.

The judgment having been held to be void and properly vacated because the defendant had not appeared in the cause and the return on the process did not show a service as required by law, the cause now stands for appropriate procedure to be had therein.

Rehearing denied.

All concur.