WESTERN UNION TELEGRAPH COMPANY, *Plaintiff in Error,* v. J. D. HISCOCK AND F. H. BOWE, *Defendants in Error.*

Opinion Filed April 28, 1923.

1. Under the statute regulating the service of summons on private corporations, where the return shows service upon a mere agent of the defendant company, without showing the absence of all the officers of the company of the superior classes designated by the statute as those upon whom service shall be made, before resort is had to service upon one of an inferior class, the service is unauthorized and ineffectual to give the court jurisdiction of the defendant company in the cause.

2. Where in the praecipe for summons and the summons a sole plaintiff is named and the declaration is by two plaintiffs and a default judgment is in favor of the sole plaintiff, a judgment in favor of two plaintiffs on an illegal service of summons and no appearance by the defendant corporation will be reversed.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Reversed.

*John E.* and *Julian Hartridge,* for Plaintiff in Error;

*Blackwell, Donnell & McCracken,* for Defendants in Error.

WHITFIELD, J.—In the praecipe for summons *ad res.* filed herein, J. D. Hiscock was the sole plaintiff. The summons issued on the praecipe was the only summons attempted to be served on the defendant corporation. The return is fatally defective in that it shows service on the "manager" of the defendant without showing the ab-

sence of superior officers.   Drew Lumber Co. v. Walter, 45 Fla. 252, 34 South. Rep. 244.

Under the statute regulating the service of summons on private corporations, where the return shows service upon a mere agent of the defendant company, without showing the absence of all the officers of the company of the superior classes designated by the statute as those upon whom service shall be made, before resort is had to service upon one of an inferior class, the service is unauthorized and ineffectual to give the court jurisdiction of the defendant company in the cause.   Milton Land & Inv. Co. v. Our Home Life Ins. Co., 81 Fla. 227, 87 South. Rep. 636; Seacoast Lumber Co. v. R. J. & B. F. Camp Lumber Co., 63 Fla. 604, 59 South. Rep. 13.

The declaration wherein J. D. Hiscock and F. H. Bowe are plaintiffs, alleges a failure to transmit $150.00 delivered to the defendant company for transmission, and a bill of particulars contains two items only, viz, $150.00 delivered for transmission, and $6.10 charges paid, making a total of $156.10.

A default judgment was entered against the defendant in favor of J. D. Hiscock only.  Apparently there was no appearance in the case by or for the defendant.

A jury returned a verdict for $2,843.90 in favor of J. D. Hiscock and F. H. Bowe plaintiffs.   Judgment was rendered for $2,843.90, and costs, in favor of J. D. Hiscock and F. H. Bowe,, and the defendant took writ of error.

On the transcript of the record as it is filed in this court, the judgment is manifestly erroneous, and it is reversed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, JJ., concur.