MIAMI BANK & TRUST COMPANY, a Florida corporation, and SALVOR HOLDING CO., INC., a Florida corporation, *Appellants*, vs. MINNA MARIE MAHLSTEDT, et al., *Appellees*.
144 So. 659.
Division B.
Opinion filed November 21, 1932.

*Wilder & Jacobsen*, for Appellants;

*E. F. P. Brigham, A. J. Rose* and *Loftin, Stokes & Calkins*, for Appellees.

DAVIS, J.—In this case there is an appeal from an order overruling a demurrer to a bill in equity in the nature of a bill of review.

A strict bill of review brought to correct error apparent on the face of the record must ordinarily be filed before the expiration of the time for taking an appeal from the decree whose review is sought. Hall v. Hall, 93 Fla. 709, 112 Sou. Rep. 622.

The bill in the instant case is not a bill of review as that term is used in equity practice. It is in legal and equitable effect. an original bill in the nature of a bill of review to have a final decree in a former suit judicially

construed as not affecting the liens of certain prior mortgages referred to in such prior suit, and to that extent set the former decree aside on the ground that complainants in the present bill are not legally estopped by the apparent conclusive effect of the former decree on their alleged trustee, First Trust & Savings Bank.

The bill may also be properly construed and held to be an original bill in the nature of a bill of review brought by the First Trust & Savings Bank to impeach the former decree for fraud in its procurement, and to set aside on the ground that since the rendition of that decree, the First Trust & Savings Bank, against which the former decree was rendered, has discovered evidence material to the former suit, the production of which by it would have resulted in a different determination of the former suit as affects certain mortgages referred to therein, and which evidence could not have been discovered by the exercise of reasonable diligence.

Whatever may be the merits of any defense which appellants may be able to offer, such as laches, estoppel, *res adjudicata,* and the like, when interposed by answer, it is plain that the present bill contains some equity and for that reason the general demurrer to it was properly overruled. Reynolds vs. Florida Cent. & P. R. Co., 42 Fla. 387, 28 Sou. Rep. 861. (Aff. Florida Cent. & P. R. Co. vs. Reynolds, 22 Sup. Ct. 176, 183 U. S. 471, 46 L. Ed. 283); Drawdy Investment Co. vs. Robinson, 96 Fla. 397, 118 Sou. Rep. 157; Quinn v. Hall, 37 R. I. 56, 91 Atl. 71, Ann. Cas. 1917C 373; Owens v. Forbes' Adm'rs, 9 Fla. 325.

The bill of complaint in the former suit was one brought for the foreclosure of an admittedly third mortgage. The decree sought to be reviewed foreclosed that mortgage in a proceeding where the First Trust & Savings Bank was named as a party representative of the

rights of the beneficial owners of the first two mortgages. Upon entry of the decree of foreclosure but before sale, the appellees, except First Trust & Savings Bank, as trustee, filed their bill to foreclose the first two mortgages as against the appellant and others. The defendant, Miami Bank & Trust Company, asserted in the last instituted suit, that the decree in the former suit operated as an estoppel against the complainants in that suit, and had the effect of being *res adjudicata* as to the priorities between the admitted original third mortgagee and the two prior mortgagees.

Thereupon, the appellees here filed this suit in the Court below for the purpose of *directly* attacking the decree in the former suit on equitable grounds. The grounds set up, if sustained, would warrant the review and setting aside of the former decree, so far as it purports to affect the rights of appellees. Such a bill in the nature of a bill of review is the proper way to directly attack a final decree which has been entered in an equity suit, either for fraud to set it aside, or for other equitable reasons. A bill of this character is also the proper means by which to advance a good equitable cause for having an ambiguous or indefinite final decree in a previous suit construed, and in terms modified, to accord with the true intent and purpose of the Court in rendering it.

Unlike the other bills in equity, a bill like the present one, in the nature of a bill of review, brought to directly attack a final decree, can be filed only pursuant to leave of court, but is subject to all the usual equitable defenses. It is to be regarded as maintainable only for the purpose of preserving and protecting some strong equity in order to prevent a miscarriage of justice.

If laches exists in regard to bringing it, that proposition can ordinarily be determined according to no fixed

rule as to time, since laches in equity is an *unexcused* delay in asserting a right that makes it inequitable to displace an adverse right for the benefit of those who are bound by the unexcused delay. Norton vs. Jones, 83 Fla. 81, 90 Sou. Rep. 854; Geter vs. Simmons, 57 Fla. 423, 49 Sou. Rep. 131.

Orders overruling general and special demurrers affirmed, and cause remanded for further proceedings.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.