SALLIE N. BROWN, *et vir.,* v. JERRY J. SULLIVAN.

151 So. 319.
Division B.
Opinion Filed Nov. 28, 1933.

*John M. Coe,* for Appellants;

*Forsyth Caro,* for Appellee.

BUFORD, J.—The record in this case shows that the appellee filed suit against the appellants to subject the separate property of a married woman to payment of the costs of certain repairs made upon the property of such married woman. It is alleged that the repairs were made on a certain dwelling and it is alleged:

"Complainant having charge of the said property for the defendant, had the roof of the said dwelling in the month of January, 1931, repaired at a cost of ninety dollars ($90.00), which work was done in the interest of, for and on behalf of the defendant, Sallie Brown, and under the general instruction from the defendants to the complainant to take care of and protect the property named for the defendant. That complainant has paid for the repair of said roof which bill for work as follows:

"Pensacola, Fla., Jan. 29, 1931.

"Mr. Sullivan:

"To N. W. Williams, Contractor & Builder.

"Repaired Roof—At Bellview.

| | |
|---|---:|
| "20 rolls of 3-ply roofing at 2.50 | $45.00 |
| "25 pcs 1x4 for bracing | 5.00 |
| "Nails | .60 |
| "Drayage on material | 3.00 |
| "Truck hire to convey men to job | 3.00 |
| "Labor for raising, bracing and trussing roof | 7.00 |
| "Labor for reroofing same | 23.40 |
| "Renailing ceiling | 3.00 |
| | "$90.00 |

"That at the time the said roof was repaired. the defendants were residing in South Florida where they had been for some time and left your complainant in Escambia County, to have charge of the property with the instructions as aforesaid."

The record shows that the defendants appeared in response to subpoena in chancery and filed a motion to dismiss. The motion to dismiss contained six grounds, as follows:

"1. Said bill is without equity.

"2. It is apparent from the face of the bill that a court of equity is without jurisdiction to grant the relief sought.

"3. It does not appear from said bill that the complainant had any lien on said property described in the bill on the 19th day of January, 1931, or that any lien accrued to him by that purported filing of notice of lien on said date; that it is conclusively shown from said bill of complaint that the said complainant never had any lien on said property for the reasons set out in said bill and if there ever

was any lien on said property arising out of the matters set forth in said bill, it accrued in favor of the contractor who made the repairs and not the complainant as set forth in said bill.

"4. It does not appear from said bill of complaint that the said complainant had any authority whatsoever from the owner of the property to make any repairs on same.

"5. The purported allegations in said bill of complaint do not show that any lien ever existed on said property arising out of the matters alleged in said bill which could be foreclosed in any equity court in this State.

"6. And for other grounds which will be submitted *ora tenus.*"

The cause coming on to be heard on motion to dismiss, it was denied. Thereafter the answers of the defendants were filed. Thereafter, Special Master was appointed and testimony taken, after which final decree was entered on October 12th, 1932.

More than twenty days after the entry of final decree, on December 29, 1932, motion to vacate final decree was entered, which motion was denied. The Order denying the motion was as follows:

"The above cause coming on to be heard upon the motion of the defendants to open and vacate the final decree hereinbefore entered in the above cause, and grant unto defendants a reasonable time for the interposition of a meritorious defense herein, and the attorneys for the respective parties having appeared before the Court, and the Court having examined the affidavit filed by the respective parties, and the defendant, Walter N. Brown, having personally called upon the undersigned Judge, while said cause was at issue, and having been advised by the said Judge to acquaint himself with the status of said cause, and the Court

having heard the argument of the attorneys for the respective parties, and having considered the said Motion, and being fully advised of its opinion in the premises, it is, therefore,

"ORDERED, ADJUDGED AND DECREED by the Court that said Motion to open and vacate the final decree in said cause be denied, and the same is hereby denied accordingly.

"ORDERED AND DONE at Pensacola, Florida, this 5th day of January, A. D. 1933."

The Chancellor has power to vacate a final decree under some conditions and a motion presented praying such order may be considered by the court in the nature of a bill of review, but for such motions to warrant favorable action, it must not only show substantial reasons why the final decree should not have been entered, but it must show due diligence on the part of the movant and his attorneys, whom he has chosen to act in the cause and who are liable and responsible to him for any *negligent* mismanagement of his cause.

In Peoples Realty Corporation v. Southern Colonization Company, 78 Fla. 628, 83 Sou. 527, this Court, speaking through Mr. Justice WHITFIELD, said:

"To open up a final decree after 20 days, in order to let in a defense, it must be shown there was deceit, surprise, or irregularity in obtaining the decree, that the defendant acted *bona fide,* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application.

"Presumably the order of the Circuit Court setting aside a decree *pro confesso* and final decree entered thereon, is in accordance with the requirements of law and equity

procedure, and the burden is on the appellant who appeals from such order to clearly show it is erroneous.

"Where the showing made and the contents of the order of the court appealed from do not make error to clearly appear the order will be affirmed."

In this case the showing of diligence on the part of movants and their attorneys is not sufficient to warrant us in holding the Chancellor in error and, therefore, the decree and order appealed from are affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.