ELIZABETH PETERS, a *feme sole,* v. TEN EYCK CORPORATION.

169 So. 865.
Division B.
Opinion Filed October 5, 1936.

*Peters & Kemp,* for Appellant;

*Gautier, Worley & Bouvier,* for Appellee.

PER CURIAM.—In February, 1933, appellee, as complainant, filed its bill of complaint in the Circuit Court of Dade County in which it named D. A. Finlayson, "if alive and if married, _____ Finlayson, wife of the said D. A. Finlayson, and if dead, the unknown heirs, grantees, devisees, and creditors of the said D. A. Finlayson, and all other persons having or claiming to have any right, title, interest, claim or demand under or against the said D. A. Finlayson, and said City of Miami Beach, a municipal corporation under the laws of Florida," as defendants.

The bill of complaint prayed for the foreclosure of certain tax sale certificates held by the complainant upon the property described therein. On final hearing the chancellor found the equities to be with the complainant and a master's deed was executed to it in compliance with the prayer of the bill.

In May, 1934, after the time for appeal in the latter suit expired appellant filed her bill of complaint in the instant suit to impeach and set aside the judgment entered therein on the ground that the court was without jurisdiction of the subject matter and the parties. A motion to dismiss was granted and this appeal is from the order granting that motion.

It is first contended that the chancellor erred in granting the motion to dismiss because he never acquired jurisdiction of the parties and the subject matter as a prerequisite to entering the judgment sought to be set aside and annulled.

This contention is grounded on the theory that complainant proceeded under Section 3112, Revised General Statutes of 1920, Section 4897, Compiled General Laws of 1927, to file his bill to foreclose, and under Section 3113,

Revised General Statutes of 1920, Section 4898, Compiled General Laws of 1927, to secure constructive service on the defendants and that neither the bill nor the Order of Publication contain allegations to meet the jurisdictional requirements of these Acts. It is alleged that the bill is defective in that it, (1) Attempts to extinguish the interest in the property of persons unknown without alleging that there were any unknown persons believed to be interested in the property involved in the suit, (2) Sought to foreclose the interest of a named defendant, if alive, and if dead, his heirs, devisees, grantees, or other claimants, without alleging that the plaintiff did not know and had not been able to ascertain whether the named defendant was dead or alive, (3) Sought to extinguish the interest of the named defendant and his heirs, devisees, grantees, or other claimants, as defendants, by name and without alleging that the names of such heirs, devisees, grantees, or other claimants were unknown, and (4) The Order of Publication conttained no description whatsoever of the property as required by Section 4898, Compiled General Laws of 1927, and was, therefore, wholly ineffective to give notice of the proceedings to any person who might have been interested in the property as an heir, devisee, grantee, or other claimant under the defendant but who was not designated as a defendant by name.

The record discloses that the complainant in the original suit attempted to foreclose under Section 4897, Compiled General Laws of 1927, but secured his Order of Publication under Section 4895, Compiled General Laws of 1927. These two statutes were designed for separate and distinct purposes. Section 4895 applies to known defendants and the affidavit so required must state the belief of the affiant that the defendant is a resident of a State or county other than this State, specifying as particularly as may be known

to affiant such residence, or that his residence is unknown, or that if a resident, he has been absent more than sixty days next preceding the application for the Order of Publication, and that there is no person in the State the service of subpoena upon would bind such defendant, or that he conceals himself so that the process cannot be served upon him, and further states the belief of affiant with reference to the age of defendant.

Section 4897, Compiled General Laws of 1927, applies to defendants that are wholly unknown who may be dead or alive and who may be represented by their heirs. The sworn bill in such cases shall state the belief of complainant that there are persons interested in the property involved in the suit whose names are unknown to him and shall pray for relief against them. Other specifications for the bill are set out in detail in the Act. Casual inspection of the two sections discloses that they apply to separate and distinct classes of defendants and cannot be intermingled or confused.

The tenor of the bill of complaint indicates that complainant sought relief under Section 4897, Compiled General Laws of 1927, while his affidavit and Order of Publication were filed and constructive service was secured under Section 4895, Compiled General Laws of 1927. Since both statutes apply to different classes of defendants they cannot be intermingled. The circumstances of the case determine which statute to follow and when adopted it must be pursued to the end. It is fatal to file the bill under Section 4897, Compiled General Laws of 1927, and then fall back on Section 4895, Compiled General Laws of 1927, for the Order of Publication or *vice versa.*

For this reason the constructive service was ineffective to confer jurisdiction on the trial court so the decree complained of was void and should have been set aside and

vacated. Shea v. Carlton, 116 Fla. 507, 156 So. 495; Miami Bank & Trust Co., et al., v. Mahlstedt, et al., 107 Fla. 282, 144 So. 659.

Appellant might have as appropriately moved to vacate the final decree. Brown v. Sullivan, 113 Fla. 59, 151 So. 319; Skipper v. Schumacker, 118 Fla. 867, 160 So. 357.

The judgment below is accordingly reversed because neither the allegations of the bill nor the Order of Publication comply with the statute.

Reversed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.