ALFRED SHAW v. J. W. HAMM, *et ux.*

183 So. 19.
Opinion Filed August 1, 1938.

*E. M. Baynes,* for Appellant;
*Alley & Burns,* for Appellees.

BUFORD, J.—The appeal brings for review order vacating and setting aside master's deed, confirmation of sale, decree

of foreclosure and decree *pro confesso* theretofore entered in proceedings to foreclose municipal tax sale certificates and special improvement liens on certain described property and allowing defendants to file answer, which order of cancellation was entered pursuant to notice of hearing and hearing on petition which was held to constitute a bill in the nature of a bill of review.

In the bill in the nature of a bill of review it was alleged that the complainant in the original suit acquired the tax certificates for an amount equal to only a fractional part of the amount of the face value of the certificates and liens.

The bill alleged:

"That the defendants and each of them were duly served with summons herein on the 16th day of November, 1937. and thereafter authorized Sidney Catts, Jr., a solicitor of this court to appear for them in this cause. That appearance was made in their behalf on the Rule Day in December, 1937. That defendants, and each of them, are of the colored race, are uneducated, and particularly are wholly uninformed on systems of taxation and the issuance and sale of tax sale certificates and are compelled by reason thereof to rely on others for their information thereon. That since the sale of the said real estate pursuant to the final decree rendered herein, the defendants have learned that the tax sale and assessment lien certificates described in the complaint herein were purchased by the plaintiff from the City of West Palm Beach for the consideration of $89.17 in cash and $1,182.98 in face amount of obligations of such city. That the said obligations so used in the purchase of such certificates by the plaintiff were purchased by the plaintiff immediately prior to the purchase of the certificates for the sum of $153.79. That the said tax sale and lien certificates cost the plaintiff the sum of $242.96. That by reason of such facts the plaintiff acquired and had a lien upon the

aforesaid real estate in the sum of $242.96, and legal interest thereon from the date of such purchase, instead of the sum of $1,298.59, the amount of his lien as adjudicated by the final decree. That had defendants known of such facts within the time for filing an answer herein an answer would have been filed by them alleging the same to the end that the proper amount required by them to be paid to the plaintiff would have been determined by this court. That defendants are ready, able and willing to redeem the said property from plaintiff's said lien when the proper amount thereof is determined by this court. That plaintiff has refused to permit redemption thereof even for the amount fixed by the final decree herein and tender of the aforesaid amount actually due was thereby made a futile act.

"3. That the purchaser of the property at the master's sale bought the said property with full knowledge of the foregoing facts.

"4. That the said property is of a value greatly in excess of the lien of plaintiff and the price bid at the master's sale.

"5. That at all times during the pendency of the aforesaid suit the defendants and each of them have diligently sought information and advice as to the rights herein, but were at all times until the date of the filing hereof advised that there was nothing that could be done except to pay the amount claimed by the plaintiff.

"6. That unless the decree *pro confesso,* the final decree, and the sale of the said property are set aside by this court and the defendants are permitted to answer the complaint in proper manner irreparable injury will be done to the defendants for which they have no remedy at law or in equity."

In support of the bill, affidavit was filed as follows:

"STATE OF FLORIDA,
"COUNTY OF PALM BEACH. ss.

"FRANK M. HANNON, being duly sworn, deposes and says: That he is the duly appointed, qualified and acting manager, treasurer and tax collector of the City of West Palm Beach, Florida, and the matters and things herein set forth are known to him as part of his official duties; that on the 1st day of October, 1937, one ALFRED SHAW purchased the following described city tax sale and assessment lien certificates, all encumbering Lot 8 of Block 3 of Freshwater Addition to the City of West Palm Beach, Florida, to-wit:

| Tax Cert. | Year | Amount |
|---|---|---|
| No. 4986 | 1925 | 10.45 |
| No. 10405 | 1926 | 23.63 |
| No. 2263-A | 1927 | 26.75 |
| No. 9234-A | 1928 | 28.30 |
| No. 12319-A | 1929 | 33.15 |
| No. 2157-B | 1930 | 20.19 |
| No. 2900-C | 1931 | 20.64 |
| No. 6458-D | 1932 | 26.40 |
| No. 3985-E | 1933 | 17.70 |
| No. 3376-F | 1934 | 15.90 |
| No. 2677-G | 1935 | 16.20 |
| No. 2990-H | 1936 | 11.10 |

| Lien Cert. | For | |
|---|---|---|
| No. 35 | Sani Sewer Assessment, | 56.86 |
| | Interest | 19.61 |
| | Paving | 406.42 |
| | Interest | 140.13 |
| No. 36 | Paving 7th Street | 200.00 |
| No. 37 | Interest | 68.96 |

the total consideration therefor being the sum of $89.17 in cash and the surrender to the city of 'bond credit' consisting of a share or interest in judgments owned by the Police Pension Fund of West Palm Beach and against the City of West Palm Beach for interest due prior to October 1, 1933. That the bond credit so used was sold to the attorney for the said Alfred Shaw for eleven cents on the dollar in a $5,000.00 block, and in similar credit small blocks is and was at the time of the purchase of the certificates regularly on sale at the price of thirteen cents on the dollar. Such bond credit so used was in the face amount of $1,182.98.

"Dated at West Palm Beach, Florida, this 9th day of April, A. D. 1938."

This is not a case in which a land owner redeemed certificates with credits of the city, but is one where a third party and a stranger to the involved matters purchased a certain interest in a judgment standing against the city at a small fraction of its face value and used that credit or interest so acquired together with a small amount of cash to purchase outstanding tax certificates and improvement liens and sought to foreclose the same against the owner in a court of equity and to thereby force the owner to pay to him more than a thousand dollars in excess of what the certificates and assessment liens cost him and procured a decree in the sum of $1,1298.59, without divulging all the facts to the courts.

The record shows that the credit or interest in judgment used was not worth the face amount thereof and that this fact was well known to the city official who accepted the same at its face value and made the transfer and assignment of the certificates and improvement liens. See affidavit, *supra*.

One who comes into the Chancery Court to foreclose a municipal tax certificate or improvement lien must come invoking that court's inherent equity jurisdiction without the aid of statute and must come with clean hands. The court of chancery will not lend itself in the exercise of only its inherent jurisdiction, and without statutory requirement, to the exacting of an unconscionable profit. The assignee of the certificates and improvement liens might have stood on his rights to use the same as the basis for the issuance of a tax deed and acquired title without invoking the intervention of a court of equity. He did not pursue that course. He was not entitled, absent statutory requirements, to have the aid of the court of equity any further than to require the delinquent taxpayer to reimburse him to no greater extent than the amount of his outlay in the purchase of the certificates and assessment liens. That the credit or interest in judgment was an obligation which the municipality may have been obligated ultimately to pay is of no consequence because it is shown to have been an obligation of such doubtful value as to be purchaseable within the municipality from the holders thereof at from 11 to 13 cents on the dollar. This condition showed a local cash value not in excess of 13% of the face value.

The decree was for a sum far in excess of what the plaintiff was entitled to recover in a court of equity.

See Lang, *et al.,* v. Quaker Realty Corporation, 131 Fla. 179, 179 Sou. 144.

The appellant contends that the court was without jurisdiction to enter the order appealed from because the final decree of foreclosure and the decree *pro confesso* had become absolute by the running of time and could only be cancelled because of error appearing on the face of the record. We cannot agree with this contention.

A petition such as the one filed in this case may be and should be by the court considered as a bill in the nature of a bill of review and should be tested as to its sufficiency as such. See Brown v. Sullivan, 113 Fla. 59, 151 Sou. 319. When measured by such rule, we must conclude that its allegations are sufficient.

We note that it is alleged in the petition, or bill in the nature of a bill of review, that the matters and things set up therein came to the knowledge of petitioner subsequent to the entry of the final decree and that he acted in this behalf as soon as such matters came to his knowledge.

The final decree was dated February 19, 1938. Petition to vacate the decree was filed April 2, 1938, and it is alleged that the rights of no other parties had intervened.

It was held in Mattair v. Card, 19 Fla. 455, that a bill of review may be maintained because of matters discovered after entry of decree and which, therefore, were not available for presentation to the court prior to the decree.

In Miami Bank, etc., Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. 659, it was held that a bill in the nature of a bill of review is the proper way to direct the attack on final decree either for fraud or other equitable reasons.

In Brown v. Oehler, 114 Fla. 57, 152 Sou. 862, it was held that a supplemental bill in the nature of a bill of review is the proper method of attacking for purpose of correction of decree in equity which was allegedly rendered because of error in fact which, if it had been known to the chancellor, would not have been rendered.

In Brown v. Oehler, *et al., supra,* it was also held that bill of review is appropriate method of accomplishing in equity that which at law is accomplished by writ of error *coram nobis.*

*In re* application of Newkirk, 114 Fla. 552, 154 Sou. 323, it was held that final chancery decree could be directly at-

tacked and set aside on equity principles by means of petition in nature of original bill of review through resort to direct equitable processes.

It, therefore, follows that the order appealed from should be and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.