GOLDEN GATE DEVELOPMENT COMPANY v. MARGARET
MALONEY RITCHIE, *et al.*

191 So. 202
Division B
Opinion Filed September 26, 1939
Rehearing Denied October 18, 1939

*Carroll Dunscombe,* for Appellant;
*Smith & Kanner,* for Appellee.

PER CURIAM.—The record in this case shows that M. A. Smith, as liquidator of Stuart Bank & Trust Company, filed in the Circuit Court of Martin County, Florida, a bill of complaint for the purpose of foreclosing a mortgage deed of trust from St. Lucie River Country Club, Inc., to the Stuart Bank & Trust Company given under date of July 2, 1928. The case proceeded regularly and was heard on final hearing before the Honorable Elwyn Thomas, Circuit Judge, who made and entered a final decree in behalf of the complainant on July 28, 1936. The property described in the final decree was sold by a special master, pursuant to lawful notice, and on September 10, 1936, an order of confirmation thereof was made and entered by the lower court. The special master executed and delivered a master's deed embracing the property described in the trust deed to Margaret Maloney Ritchie pursuant to the order of confirmation. The money arising from the sale of the property was distributed according to the terms and conditions of the final decree.

An original bill in the nature of a bill of review was filed in the lower court on March 27, 1937, when a motion to dismiss the same was by the lower court sustained with leave to amend. The fourth amended bill in the nature of a bill of review was filed on January 25, 1938, and the lower court, under date of April 20, 1938, sustained a motion to dismiss the same largely upon the ground that the amended original

bill in the nature of a bill of review was without equity. From the order of dismissal an appeal has been perfected to this Court and the order assigned as error.

Bills of review and original bills in the nature of bills of review are controlled largely by the same general principles. See Andrew v. Hecker, 132 Fla. 759, 182 So. 251. Bills of review are required to be filed within the six months' period allowed by the statute in which to take appeals and may be maintained because of matters discovered after entry of final decree and were not available for presentation to the court prior to the decree. See Shaw v. Hamm, 133 Fla. 722, 183 So. 19. Original bills in the nature of bills of review brought for the purpose of impeaching a final decree are addressed largely to the sound discretion of the court and can be permitted or allowed without leave of the court. It is usually considered as a new suit and its objective is to impeach a final decree obtained by fraud or some other equitable reason. See Miami Bank & Tr. Co. v. Mahlstedt, 107 Fla. 282, 144 So. 659; Hamilton v. Flowers, 134 Fla. 328, 183 So. 811; Gamble v. Gamble Holding Co., 120 Fla. 340, 162 So. 886.

It is contended first that the final decree sought to be impeached by the suit at bar is void because the court entering the final decree under attack did not have jurisdiction of the parties for the reason that the process served upon the defendant corporation was fatally defective. The return as made by the sheriff on the summons is, viz.:

"Received this summons on the 19th day of June, 1936, and executed the same in Martin County, Florida, on the 20th day of June, 1936, by delivering a true copy upon J. A. Aigler, as secretary-treasurer of the within named defendant, St. Lucie River Country Club, Inc., a corporation, in the

absence of the president, vice-president or other head of said corporation.

"C. E. Christensen, Sheriff of Martin County, Fla.

"By G. M. Hancock, Deputy Sheriff."

The service of process on private corporations is controlled by Section 4251 C. G. L., and is, viz.:

"Process against any corporation, domestic or foreign, may be served.

"1. Upon the president or vice-president or other head of the corporation. In the absence of such head:

"2. Upon the cashier, or treasurer, or secretary, or general manager; or, in the absence of all of the above:

"3. Upon any director of such company; or, in the absence of all of the above:

"4. Upon any officer or business agent, resident in the State of Florida.

"5. If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State."

Counsel for appellant cites the case of Drew Lumber Co. v. Walter, 45 Fla. 252, 34 So. 244; Milton Land & Investment Co. v. Our Home Life Ins. Co., 81 Fla. 227, 87 So. 636. Likewise an affidavit on the part of the alleged officer upon whom process was filed in the cause and is, viz.:

"J. A. Aigler, first being sworn, says that in the Fall of the year 1933, he delivered to J. H. Reardon, as president of St. Lucie River Country Club, at the request and/or demand of John Reardon, the son of said J. H. Reardon, all the records of said corporation that were in affiant's possession together with seal of said corporation and understood and believed at that time he was no longer an official of said corporation or he would have delivered over said records and so understood on to-wit June 19, 1936, when G. M.

Hancock, Deputy Sheriff of Martin County, Florida, attempted to serve a writ of process upon as secretary-treasurer of said corporation and that affiant advised the said Hancock he was not an officer or agent of said corporation."

We have examined the authorities cited. While the affidavit of J. A. Aigler, upon whom process was served, is to the effect that he "was no longer an official of said corporation" and so advised the officer making the service, it was a legal conclusion of the officer of the corporation upon whom process was served that he was not an officer but had been an officer and had surrendered the seal and other records of St. Lucie River Country Club, Inc., and was not an officer when served. This Court has held that to impeach the return of a sheriff made under the sanction of an official oath and responsibility, clear and convincing evidence is required. See Cherry Lake Farms v. Love, 129 Fla. 469, 176 So. 486; Clements Naval Stores Co. v. J. S. Betts Co., 85 Fla. 49. 95 So. 126; Barnes v. Willis, 65 Fla. 363, 61 So. 828; Tidwell v. Witherspoon, 18 Fla. 282. This assignment involves a question of law and fact settled by the lower court to the effect that the court had jurisdiction of the St. Lucie River Country Club, Inc., at the time of entering the final decree sought to be impeached. We find no merit in this assignment.

It is next contended that M. A. Smith, as liquidator of Stuart Bank & Trust Company, was not authorized by law or by the terms of the trust deed dated July 2, 1928, to declare a default under the terms of the trust deed and immediately thereafter to institute and maintain a suit in a court of chancery to foreclose the trust deed and to obtain the final decree sought to be impeached in the case at bar. Material portions of the deed of trust are, viz.:

108

"1. The said owner hereby appoints the said trustee, and its successors or successors in trust, the attorney for said owner, with authority to do any and all things which may be necessary for the carrying into effect of the purpose of this instrument, and to use the name of said owner in all matters pertaining to the proper execution of this trust. * * *

"4. If any default shall be made by the said owner in the payment of interest as it becomes due on any of said bonds, or in payment of the principal of said bonds, or any of them, at maturity, or if it shall fail faithfully to perform and observe all and any of the requirements made of it by this instrument, and such default shall continue for thirty days, then, and thereupon, the principal of all of said bonds, together with the accrued and unpaid interest thereon, shall be deemed due and payable, at the option of the trustee or of the holder or holders of a majority in amount of the bonds then outstanding. And in case of such default as aforesaid it shall be lawful for said trustee to enter upon and take charge of said premises, and thereupon or thereafter, at the option of said trustee, without notice or demand, suit at law or in equity, theretofore, or thereafter begun, may be prosecuted as if all moneys secured hereby had matured prior to its institution."

M. A. Smith was appointed liquidator of the Stuart Bank & Trust Company by the State Comptroller under Chapter 13576, Laws of Florida, Acts of 1929. It became the official duty of the liquidator, after his appointment and qualification, to handle and dispatch all the business of the Stuart Bank. & Trust Company in and about the trust deed as administered by it prior to the time the Comptroller declared the bank insolvent. The liquidator was discharging his duties and responsibilities of the bank as trustee under the trust deed dated July 2, 1928, under the law when he

filed the foreclosure suit called into question and subsequent thereto obtained the final decree here sought to be impeached. See Chapter 13576, Laws of Florida, Acts of 1929.

We have carefully considered the allegations of the bill charging fraud in obtaining the final decree sought to be impeached. The briefs and authorities cited have been examined and oral argument heard at the bar of this Court. We are not willing to hold that the lower court committed error in sustaining a motion to dismiss the original bill in the nature of a bill of review as amended. In equity, as well as in law, every presumption is in favor of the correctness of the ruling of the trial judge, and it is the duty of the party resorting to an appellate court to make the errors complained of clearly to appear. See Britt v. State, 88 Fla. 482, 102 So. 761; State v. Merritt, 86 Fla. 164, 99 So. 230; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194; Clements v. State, 51 Fla. 6, 40 So. 432; Stover v. Stovall, 103 Fla. 284, 137 So. 249.

The order appealed from is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.