BURNS, *et al.*, v. LAUDERDALE LOAN & DISCOUNT COMPANY, *et al.*

4 So. (2nd) 467
En Banc
Opinion Filed April 15, 1941
On Rehearing September 24, 1941
Rehearing Denied November 24, 1941

*Clyde W. Atkinson, J. Lewis Hall, Edgar V. Hamilton* and *Paty, Warwick & Mooney,* for Appellants;

*Curtis Byrd,* for Appellee City of Fort Lauderdale, *C. L. Chancey* and *J. T. Chancey,* Attorneys for other Appellees.

PER CURIAM.—In view of the finding of the chancellor that "practically the sole issue presented by the pleadings is whether or not the City sold the certificates and improvement liens, including taxes for 1938, for an inadequate consideration"; his recitals that "It is conceded by plaintiffs that the City has the authority to sell and assign its past due certificates . . ."; and that "No charge of fraud or bad faith is made . . ."; and his admonition that "This opinion should not be construed as a finding that the Commission acted fraudulently or that they can be charged with bad faith. On the contrary, it is my belief that their actions were in the best of good faith, and for what they believed was for the best interests of the City . . .," and considering the authority vested in the City by Chapter 15208 of the Laws of Florida, Acts of 1931, the decree in the case should have been entered in favor of the defendants, therefore, it is the order of the Court that the cause be reversed with directions to dismiss the bill of complaint.

BROWN, C. J., TERRELL, BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., dissents.

WHITFIELD and ADAMS, J. J., not participating.

### On Rehearing

Thomas, J.—The sale of tax certificates and street assessments was made by the city to the appellants en masse for an amount representing but a small percentage of the total face value of the certificates and the assessments. The lower court held that the commissioners, who at the time served the city, acted in good faith, for what they thought was the best interest of the city and that no fraud was chargeable to them. By per curiam order this Court ruled that in the circumstances reflected in the record and considering the findings of the chancellor his decree should be reversed.

Upon petition for rehearing the Court was of the view that further argument should be heard on the question whether the contract was valid so far as it affected street improvement liens and taxes less than two years old. The case was then reheard.

There seems to have been no authority for the city to include in the sale those taxes which had not become due more than two years before the transaction and it appears also that by former ruling of this court in the case of Marshall v. C. S. Young Construction Company, *et al.*, 94 Fla. 11, 113 So. 565, liens for street assessments were not assignable in circumstances such as are reflected in this record.

It cannot be determined what amount was paid for the liens and what amount was received by the city for the taxes nor is it ascertainable what proportion of the sum paid was intended to cover those taxes more, and those taxes less, than two years old. It seems impracticable to separate these three items and appears that if such discrimination were undertaken on the part of the court it would amount to an attempt

to rewrite the contract. Therefore, the decree so far as it cancels the contract is affirmed with directions to provide for refund to the appellant amounts paid under it after deducting amounts received by him from individual taxpayers or lienors subsequent to the execution of the contract, or the reimbursement by him of the amounts received in excess of the sum paid to the city if that proves to be the case.

BROWN, C. J., WHITFIELD, CHAPMAN, and ADAMS, J. J., concur.

TERRELL and BUFFORD, J. J., dissent in part.

WHITFIELD, J., concurring with opinion of Mr. Justice Thomas.—This appeal is from a decree for the plaintiffs. An opinion signed by the circuit judge and filed in this cause in the trial court contains the following:

"This is a suit brought by the plaintiffs as citizens and taxpayers of the City of Fort Lauderdale to set aside and cancel the sales of tax certificates and improvement liens of said City made to P. V. Burns as agent on October 18, 1938, and November 4, 1938. The sale of October 18, 1938, involved certificates on 7033 lots or parcels of land, and an undetermined number of improvement liens. The sale of November 4, 1938, involved certificates on 6024 lots or parcels and an undetermined number of improvement liens. The sales also included the City taxes on said lands for 1938 amounting to $18,109.93. The total actual face value of the certificates was $477,976.33 and the face amount of the improvement liens was $258,589.41 plus accrued interest for a number of the years. Under the discount plan adopted by the City the alleged principal of the improvement liens collectible at the time

of the sale was $64,612.94. The purchase price of $11,000.00 on the October 18th bid and $1,600.00 on the November 4th bid was paid prior to the beginning of this suit."

·Chapter 15208, Acts of 1931, contains the following:

"That the City of Fort Lauderdale is hereby granted the authority and right to sell and dispose of all tax certificates which may have heretofore been issued by said City or which may hereafter be issued by said City for the non-payment of its taxes and which may be held and owned by said City and which have been issued for a period of Two (2) years or more upon such terms and conditions as may be fixed and determined by the City Commission of said City. Nothing herein contained shall be construed to affect the power of said City to sell its tax certificates at par, with accruals of interest and penalties prior to the expiration of said two-year period." (Sec. 1.)

The quoted statute clearly does not purport to authorize the sale of "improvement liens" that are distinct from "tax certificates." Nor are unpaid taxes subsequent to those included in tax sale certificates covered by Chapter 15208. Tax sale certificates more than two years old may be sold under statutory authority at a discount only when all due efforts have been made and demonstrate that full face value or at least a larger price than that offered cannot reasonably be anticipated by a consideration of the value of the lands and the paramount liens on the land with other pertinent facts and circumstances in the interest of all the taxpayers and the required equality of burdens. No such restriction is contained in Chapter 15208.

The statute in this case merely authorizes the sale

of tax certificates "upon such terms and conditions as may be fixed and determined by the city commission of said city"; there being no standard stated even of reasonableness to guide the city commission in this matter vitally affecting rights of all taxpayers and the requirement for uniformity in imposing tax burdens; and particularly the express statutory right to redeem the land before tax deeds are issued, which right is seriously impaired if not defeated by the sale of tax certificates *en masse for a relatively small lump sum* that has no proportionate relation to the amounts stated in any tax sale certificate. Authority to sell en masse for a *lump sum* is not contemplated by the Constitution or conferred by the statute. See Secs. 985 (770) 992 (775) C. G. L.; Chap. 17457, Acts of 1935.

In Hoadley v. City of Tarpon Springs, 99 Fla. 130, 125 So. 912, it was held that a statute was invalid under which municipal tax sale certificates, including liens less than two years old, were sold *en masse* at a discount.

In Ranger Realty Co. v. Miller, 102 Fla. 378, 136 So. 546, where pertinent principles of law are fully discussed, the specific tax sale certificates were not sold *en masse* for a relatively small lump sum, but for 75% of the par value of stated tax certificates severally.

The sales as made are illegal and should be cancelled.

CHAPMAN, J., concurs.

TERRELL and BUFORD, J. J., dissent.

BUFORD, J., dissenting in part.—I feel that I must in the main adhere to our opinion and judgment en-

tered herein on April 15th, 1941, because the same is in harmony with our opinions and judgments in the cases of Shaw v. Hamm, 133 Fla. 722, 183 Sou. 19; Messer v. Lang, 129 Fla. 546, 176 Sou. 548; Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136; State *ex rel.* Dowling v. Butts, 111 Fla. 630, 149 Sou. 746; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. 547. I can find no appreciable difference between the questions and legal principles involved here and those which were involved in the case of Shaw v. Hamm, *supra.*

It having been determined by the chancellor and being apparent from the record that the sale and purchase of the certificates and improvement liens were made in good faith by all the parties concerned, it follows that the defendants had the right to rely upon the enunciations of this Court in Shaw v. Hamm, *supra,* as a measure of their legal rights and liabilities.

In that case we upheld the sale of municipal certificates and improvement liens made in bulk for a small part of the aggregate face value of the certificates and improvement liens and declared that the certificates and improvement liens were acquired at a price of not more than thirteen cents (13c) on the dollar on the face value.

In the instant case the record shows that the certificates, subsequent and omitted taxes and so-called improvement liens were sold at 2.6% of the face value and that the sale and purchase as hereinbefore stated were made in good faith and in what the City Commission believed to be for the best interest of the municipality.

The record discloses that the so-called "improvement liens" were in fact "certificates of indebtedness" as contemplated and authorized by Chapter 6864, Acts

of 1915, Section 1906 R. G. S., 3016 C. G. L., *et seq.*
The assignment involved here was not in pursuance of
that statute. The record also shows indefinitely that
the aggregate amount of the so-called improvement
liens is $64,612.94 and therefore the face amount of
each of such improvement certificates is ascertainable
just as the face amount of each tax sale certificate is
ascertainable. Therefore, the price paid for each cer-
tificate is ascertainable by application of the rule
which we laid down in the case of Shaw v. Hamm,
*supra.*

It is too well settled in this jurisdiction to require
the citation of authorities, that the owner of property,
tax lien certificates on which have been sold, is en-
titled to redeem from the holder of such certificates
by paying such holder the actual amount which such
holder paid for the certificates and liens, plus 8% in-
terest. on such amount. The same rule will apply to
improvement lien certificates.

Therefore, it follows that when these liens were
purchased by and delivered to the defendants, the
owners of any property involved could redeem the
certificates by paying to the purchaser and assignee
thereof a sum equal to 2.6% of the face of the in-
volved certificates, with interest thereon at 8%.

The owners had the right and could rely on the
former decisions of this Court to demand surrender
of their several certificates upon the payment to the
purchasers and assignees of such stated pro-rata of
the face value of such certificates.

I do not think the question of the legality of the
so-called improvement liens involved here is controlled
by our opinion and judgment in the case of Marshall
v. C. S. Young Construction Company, *et al.,* 94 Fla.

11, 113 Sou. 565, because in that case the liens attempted to be sold had not matured. I think this case is ruled by the opinion and judgment in the case of Cochrane v. Town of Boca Raton, 112 Fla. 177, 150 Sou. 611, and the applicable statute, Section 3016 C. G. L. 1927, *et seq.* The power to tax and assess property is not involved here but here we have merely the question of the power of the City to sell and assign choses in action.

I concur in the view that the inclusion of the sale of the liens for omitted and subsequent taxes was *ultra vires* because of absence of specific authority in this particular case. And therefore, no title to such liens passed to the purchaser, and the liens for such subsequent and omitted taxes remain the property of the City.

The decree in effect requires the defendants to return all the certificates and evidences of lien to the City or else to account and pay to the City the full face value of all such certificates and evidences of liens.

It, therefore, follows that if the defendants have allowed property owners to redeem and have surrendered the certificates and evidences of liens to such property owners in consideration of the payment of a small part of the face amount of such certificates or liens, or have in good faith sold some of the choses in action so acquired for a small part of the face value, the City will, nevertheless, have a decree against the defendants for the face amount of such certificates and evidences of liens. This wouuld be contrary to equity and justice because the property owners were entitled to redeem the certificates from the holders and prior to the institution of this suit the holders

were *prima facie* at least vested with power and authority to accept redemption of, or to sell, those certificates and evidences of liens.

The property owners who have so redeemed and purchasers who have purchased from Burns have done so because the municipal authority made it possible for them to do so in the manner in which redemption and sales of choses in action have been accomplished. To allow the City to recover from defendants would be to allow the City to profit by its own wrong if the sale of certificates and evidences of liens to the defendants was invalid and would leave the defendants with no remedy. If the decree of the chancellor is to be affirmed in the main, it should certainly be modified so as not to require the defendants to account for certificates and evidences of liens which have been sold by appellant or have been redeemed by the property owners, in any amount greater than the amount which he received for such evidences of lien with interest thereon from the date of his sale of such evidences of liens.

TERRELL, J., concurs.

BROWN, C. J., CHAPMAN and ADAMS, J. J., dissent.